(No. 33620.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOMER FLYNN *et al.*, Plaintiffs in Error.

*Opinion filed March 22, 1956.*

PAUL W. SCHNAKE, of Aurora, for plaintiffs in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN C. FRIEDLAND, State's Attorney, of Elgin, (FRED G. LEACH, EDWIN A. STRUGALA, and JOHN S. PETERSEN, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Plaintiffs in error, Homer D. Flynn and James Yoakum, hereinafter referred to as defendants, were indicted in the circuit court of Kane County for the crime of armed robbery. After trial by jury, verdicts were returned finding them guilty as charged, and judgment was entered sentencing Flynn to the penitentiary for a term not less than two nor more than five years, and Yoakum for a term not less than eight nor more than twenty years. Defendants prosecute this writ of error to review the proceedings.

No question is presented concerning the sufficiency of the evidence, and it need not be related here. It is contended, first, that the court erred in admitting incompetent and prejudicial evidence; and second, that defendant Yoakum was denied due process of law by reason of being held in jail for eighteen days before being formally charged with a crime, during ten days of which he was not permitted to see either his family or his counsel.

We must consider, at the outset, the State's contention that since defendants' motions for new trial and for judgment notwithstanding the verdict were orally presented, and nothing appears of record to show the grounds urged in

support thereof, the objections cannot be considered on review. It is not disputed that defendants failed to file written motions for new trial or in arrest of judgment, and the record does not disclose any specific grounds presented to the trial court in support of their oral motions. Neither does the record show, however, any request by the prosecutor that defendants specify their grounds in writing. In *People* v. *Jankowski,* 391 Ill. 298, relied upon by the State, it was held that since 1933 the requirement that motions for new trial and in arrest of judgment be in writing is a mandatory one in criminal cases; that the legislature, by the 1933 amendment to section 17 of division XIII of the Criminal Code, intended to require defendants in criminal cases to apprise the trial court in writing of all grounds for a new trial or for arrest of judgment, and that failure to do so precludes assigning as error any point not so specified. We deem it appropriate here to reexamine the basis for this holding, and to inquire whether it represents a reasonable and just construction of the statute.

The amendment in question provides merely that "all motions for new trial and in arrest of judgment shall be made in writing." (Ill. Rev. Stat. 1953, chap. 38, par. 747.) There is nothing in the bare language of this amendment from which we can reasonably infer a legislative intent to change or alter the rule existing at the time of its passage, or to prescribe the consequences of a failure to comply. Prior to 1933 the rule, in both civil and criminal cases, required the moving party to file his points in writing, particularly specifying the grounds of his motion. However, if a verbal motion was made without objection, the party could avail himself of any cause for a new trial which might appear in the record. If the party filed a written motion specifying the grounds, then he would, of course, be confined on review to the reasons specified in the trial court, and would be held to have waived all causes for a

new trial not set forth in writing. *People* v. *Cohen,* 352 Ill. 380; *Anderson v. Karstens,* 297 Ill. 76; *Bromley* v. *People,* 150 Ill. 297; *Ottawa, Oswego & Fox River Valley Railroad Co.* v. *McMath,* 91 Ill. 104.

The 1933 amendment substantially restated the requirement of writing which had theretofore appeared in section 77 of the Practice Act of 1907, governing procedure in both criminal and civil cases. Nothing in its language purports to change the character or incidents of the requirement, and the holding in the *Jankowski case* to the contrary is not supported by sound reasons. If the legislature desired to change the established consequences of a failure to comply, and intended that an oral motion without objection should constitute a waiver, on review, of all grounds for a new trial, it would have said so by specific provision. It would not have left such a change to be inferred from a mere absence of provisions to the contrary We think the decision on this point, made in the *Jankowski case,* was wrong; and that case, in so far as such holding is concerned, is hereby overruled.

We think the better rule to be that applied in *Ottawa, Oswego & Fox River Valley Railroad Co.* v. *McMath,* 91 Ill. 104, wherein a question of legislative intent similar to that presented in the *Jankowski case* was considered. After a sound and realistic analysis of the issue, we concluded: "The analogies of the law all force us to the conclusion these written points (*sic*) may be waived, and to the further conclusion that when the motion for a new trial is submitted for decision without any statement in writing of the grounds therefor, and that too without objection, then they (*sic*) are to be considered as waived." It is undoubtedly a better practice for attorneys to specify the grounds in writing and preserve them in the bill of exceptions. The opposite party, or the trial court on its own motion, may compel this to be done. But there seems to be no good reason why the requirement of writing may not be waived.

In the case at bar there is nothing to indicate that either the prosecutor or the court called on defendants to specify in writing the points on which they based their motion, and the State must therefore be held to have waived such requirement. As this court observed with reference to the defendant in the *Ottawa Railroad case*, "it would be unjust and unfair to permit him, when he could have had the written reasons for the motion before the argument by asking for them, to quietly lie by and argue the motion without them and submit it to the decision of the court, and then object for the first time in the Appellate Court. He should not thus be permitted to trifle with the rights of his opponent." (91 Ill. at 111.) We conclude that since the State failed to object to the absence of a written motion it has waived any question as to its form and defendants are not precluded from assigning the present matters as error.

We are thus brought to the first contention that the court erred in admitting incompetent and prejudicial evidence. It appears that each defendant testified in his own behalf. On cross-examination the prosecutor asked each whether he had ever been convicted of a felony. After each defendant answered that he had, an objection by their attorney was overruled, and the prosecutor proceeded to question them concerning the nature of the prior offense. The State does not contend the questions were proper; but it urges that since timely objection was not made the incompetency of the testimony was waived. It is true that objection was not interposed as promptly as it should have been. But objection was made after the first answer was given, and we think the impropriety of the questions was so flagrant that the conviction, under the circumstances shown here, cannot be upheld.

This court has repeatedly held that it is improper to cross-examine a defendant as to his conviction of a crime. (*Bartholomew* v. *People*, 104 Ill. 601; *People* v. *Halkens*,

386 Ill. 167.) In *People* v. *Kosearas,* 408 Ill. 179, at page 181, the court stated: "To repeat what was said in *People* v. *Decker,* 310 Ill. 234, there is no question more damaging to a defendant with a jury than one which suggests or intimates that he is a criminal or has been charged with criminal offenses. Such damage is magnified twofold when it is elicited from a defendant on cross-examination and he is compelled to testify against himself." Defendant's conviction of a prior felony may be shown to affect his credibility by offering the record of his conviction, or an authenticated copy thereof, in evidence (*People* v. *Halkens,* 386 Ill. 167,) and not otherwise.

It is unnecessary, in view of our conclusion, to discuss the second assignment of error. The judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*