(No. 36212.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HAROLD DWAYNE SMITH, Plaintiff in Error.

*Opinion filed September 28, 1962.*

WILLIAM H. SNIVELY, of Rockford, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and WILLIAM R. NASH, State's Attorney, of Rockford, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ROSARIO A. GAZIANO and ALFORD R. PENNIMAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Howard Dwayne Smith, was tried by jury in the circuit court of Winnebago County and convicted of the crime of burglary. A writ of error has been issued to review the judgment of conviction.

The defendant contends that his written confession should not have been admitted in evidence. Prior to its admission, a hearing was held out of the presence of the jury, the defendant having charged that the confession was obtained as the result of threats of increased punishment and a promise of leniency. The defendant testified at the hearing that following his arrest he asked if he could call his mother and his lawyer and was told by two police officers that he had no rights because he was on parole from a former conviction. The defendant testified that when he was paroled on his prior conviction the prison authorities told him that if he ever got in any other trouble and was innocent there was no one who could help him except his parole agent who was his friend and would back him 100%. The defendant testified that he told the police that he wanted to see his parole agent. After several days the parole agent visited the defendant at the jail and asked him whether he committed the crime. The defendant told the agent that he had not and according to the defendant the parole agent cursed him, told him that he was a liar and told him that he would sit in jail until he confessed. The police officers told the defendant that if he signed the confession they would not be too hard on him. Following this promise by the police and the threat by the parole agent, the defendant signed the confession. The two police officers testified at the hearing and each of them admitted that they had told the defendant that he had no rights since he was a parole violator. They each attempted to explain that they did not mean that he had no rights on the present charge, but that he had no rights insofar as revocation of his parole was

concerned. The parole agent did not testify at the hearing.

We have recently held that a confession should not be admitted in evidence until each material witness has been produced or his absence explained. (*People* v. *Wright,* 24 Ill.2d 88; *People* v. *Bullocks,* 23 Ill.2d 515.) The failure to produce the parole agent whose threats, according to the defendant, induced him to confess, rendered the confession inadmissible and the court erred in permitting it to be admitted in evidence before the jury. The judgment of conviction must therefore be reversed and the cause remanded for a new trial.

Since the cause must be remanded for a new trial, it is appropriate to discuss other alleged errors. The defendant was charged with the burglary of a tavern. The proceeds of the burglary included cash from the cash register and some coin-operated machines. The burglary occurred on March 27, 1960, and on March 31 the police searched a car which they found in a used car lot and found $2.05 in change in the car. The evidence showed that this car formerly belonged to the defendant but that he had traded it to the used car dealer on March 28 and at the time of the search by the police the car was owned by the car dealer. The coins which were found in the car were not identified as the same coins which were taken from the tavern. While recent, unexplained, exclusive possession of the proceeds of a burglary may be shown to create an inference of guilt, we are of the opinion that the property here should not have been admitted in evidence. The coins were found in the car 3 days after the defendant had surrendered the title and possession thereof to the car dealer. This fact, together with the fact that the coins were not satisfactorily identified, is sufficient to distinguish this case from the cases in which similar property has been held admissible.

The defendant also contended that the State used perjured testimony to convict him. It appears that at a prior trial on this charge which ended in a mistrial, the defend-

ant's alleged accomplice first testified for the State that the defendant had no part in the crime. During an overnight recess the State's Attorney talked to the alleged accomplice, threatened him with prosecution on several burglary charges, and told him that he would be 100 years old before he got out of the penitentiary if he did not change his story. Following the recess, the alleged accomplice changed his testimony and testified that the defendant had taken part in the burglary. At the present trial the alleged accomplice testified that the defendant took part in the burglary. All of the facts covering his change in testimony at the former trial were brought out before the jury at the second trial and he testified that his testimony at the present trial was true and that his original testimony was not true. The fact that this witness changed his testimony does not establish that he was committing perjury on the second trial. The circumstances were fully brought out before the jury who had the right to pass upon the witness's credibility. We are therefore of the opinion that no error was committed in permitting this witness to testify at the second trial.

The judgment of the circuit court of Winnebago County is reversed and the cause is remanded for a new trial in accordance with the views expressed herein.

*Reversed and remanded.*