People of the State of Illinois, Plaintiff-Appellee, v. William Burke, Defendant-Appellant.

Gen. No. 64–8.

Second District.

August 9, 1964.

B. Jay Knight, Russell J. Goldman and Roald A. Jacobson, all of Rockford, for appellant.

William R. Nash, State's Attorney, of Rockford (John W. Nielsen, Assistant State's Attorney, of counsel), for appellee.

MORAN, J.

The defendant was convicted of the crime of incest and was sentenced to a term of from two to seven years in the penitentiary. The principal witness against him was his natural daughter, Diane, age sixteen. She testified that the defendant came home from work the afternoon of June 15, 1962, and took her into the bedroom of their house, where he had sexual intercourse with her.

The defendant's first assignment of error relates to the redirect examination of Diane. On cross-examination, defendant's counsel had elicited from Diane the admission that she hated the defendant prior to this occurrence of June 15, 1962. On redirect ex-

amination, she was asked to state why she hated her father prior to June 15, 1962. Over strenuous objection, she was permitted to answer. She stated that the basis of this ill-feeling toward her father was that he had on previous occasions performed various unnatural sexual acts upon her. She described these acts briefly but quite graphically. The defendant moved to strike the testimony and also moved for a mistrial, which motions were denied.

The defendant contends that this redirect testimony of Diane went beyond the scope of the cross-examination and that it was irrelevant, highly inflammatory and prejudicial. We agree with the defendant that the testimony was prejudicial. There can be little doubt that the jury was strongly influenced by it. However, the fact that the evidence was prejudicial does not mean that it was erroneously admitted.

■ One question here is whether the defendant opened up the matter by his cross-examination. Generally, where the cross-examination of a witness develops that the witness is biased, the party offering the witness is entitled to rehabilitate him on redirect examination. If the reasons for the bias have a genuine tendency to rehabilitate the witness, then the reasons are clearly relevant and are a proper subject of redirect examination. Where, however, the reasons for the bias have no such tendency, and serve merely to introduce inflammatory matter into the case, the inquiry should not be permitted. Whether a particular inquiry along these lines is proper is largely within the discretion of the trial judge, who is in the best position to weigh the probable effect of the impeachment and attempted rehabilitation upon the jury. For a discussion of this problem, see Bracey v. United States, 142 F2d 85, 87–90 (DC Cir 1944), cert den 322 US 762, a case where an inquiry similar to the one

involved here was held to be proper under the circumstances.

■■ The cross-examination of Diane had established that she hated her father prior to the incident in question. This fact, standing alone and unexplained, could furnish the basis for a powerful argument that Diane could be motivated by this ill-feeling to invent the charge against her father. The State was clearly entitled to bring out the reason for her attitude toward her father, provided the reason had a legitimate tendency to lessen the impeaching effect of her admitted bias and was not a mere excuse to load the record with extraneous matter to the prejudice of the defendant. We think that Diane's explanation of her attitude toward her father does have a tendency to dissipate the adverse effect on her credibility which that attitude, standing unexplained, would undoubtedly have. At least we are not prepared to go so far as to say that the trial judge abused his discretion in allowing the testimony.

■ There is another reason why the action of the trial court was proper. The evidence of defendant's prior sexual relations with his daughter was independently admissible, as tending to substantiate the occurrence of the incident for which he was on trial. People v. Turner, 260 Ill 84, 91, 102 NE 1036 (1913); People v. Krause, 395 Ill 233, 237, 69 NE2d 885 (1946). It makes no difference that the previous sexual relations were of a different character than the acts for which the defendant was on trial. People v. Mason, 301 Ill 370, 376, 377, 133 NE 767 (1922). See generally the exhaustive annotations in 167 ALR 565, supplemented 77 ALR2d 841.

The defendant's remaining assignment of error is that the evidence is insufficient to support the verdict, inasmuch as Diane was impeached by prior inconsistent statements. Diane's testimony at the trial was

162

clearly and unequivocally to the effect that she did have sexual intercourse with her father on the occasion in question. Her testimony was corroborated to some extent by a physician who testified that he examined her the same evening and found live sperm in her vagina. On cross-examination, it was brought out that Diane had on two occasions prior to the trial stated to defendant's attorney, in the presence of a court reporter and other witnesses, that she had not had intercourse with her father at any time. Diane admitted making these statements, but testified that they were prompted by her father's promise that if she would make such statements, he would help her run away with her boy friend.

■ ■  All of the circumstances surrounding these prior inconsistent statements were brought to the attention of the jury. The court reporters and some of the other witnesses who were present when they were made were produced as defense witnesses. It was for the jury to determine the weight to be given Diane's testimony, taking into consideration the impeaching material. People v. Smith, 25 Ill2d 428, 431, 185 NE2d 150 (1962). We cannot say that as a matter of law the prior inconsistent statements of Diane created a reasonable doubt of the defendant's guilt.

The defendant did not testify. His principal witness was Diane's younger brother, who testified on direct examination that he had been in the presence of Diane and the defendant for the entire afternoon in question, and that at no time had Diane and the defendant gone into the bedroom. This witness was impeached by proof that he had told an assistant State's Attorney on the date of the alleged offense that he had been outside the house most of the afternoon while Diane and the defendant were inside, and that on one occasion during the afternoon he went into the house and

saw Diane and the defendant in the bedroom, sitting on the bed together.

■ We feel that the evidence, viewed in the light most favorable to the State, is sufficient to support the verdict. Accordingly, the judgment of the lower court is affirmed.

Affirmed.

ABRAHAMSON, P. J. and CARROLL, J., concur.