(No. 39913.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILLIE WHITEHEAD *et al.*, Appellants.

*Opinion filed October 28, 1966.*

502

GERALD W. GETTY, Public Defender, of Chicago, (MAR-SHALL J. HARTMAN and JAMES J. DOHERTY, Assistant Public Defenders, of counsel,) for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and E. ROGER HORSKY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendants, Willie Whitehead and Richard E. Hudson, were convicted of the crime of robbery in a bench trial in the circuit court of Cook County. Whitehead was sentenced to a term of one to three years in the penitentiary and Hudson to a term of two to seven years. Both defendants appealed their convictions to the appellate court which affirmed the judgments below. (68 Ill. App. 2d 488.) We granted leave to appeal.

The facts are set forth in the appellate court's opinion and will not be restated here except as necessary.

On this appeal, defendants argue that the appellate court

erroneously failed to consider one of the issues raised by them on their appeal to that court. In the appellate court, defendants contended that the trial court had prevented them from introducing evidence to impeach one of the State's key witnesses. In its opinion, the appellate court refused to rule on the issue on the ground that "the post-trial motion is inadequate to raise the issue" for the reason that the defendants' attorney did not "specify any basis for the motion". The court further added that "Assuming that the filing of a written post-trial motion may be waived, the record does not show the submission of an oral post-trial motion raising these questions." 68 Ill. App. 2d at 495.

The post-trial motions for a new trial filed by defendants in this case did not specify any grounds however, no objection to the form of the motion was made by the State.

Section 116—1 of the Code of Criminal Procedure of 1963, which was in effect at the time of defendants' trial, specifies that motions for a new trial by defendants in criminal cases shall be in writing and shall specify the grounds therefor. (Ill. Rev. Stat. 1965, chap. 38, par. 116—1.) Except for format, this provision is essentially the same as prior section 17 of division XIII of the Criminal Code (Ill. Rev. 1961, chap. 38, par. 747.) The enactment of section 116—1 in 1963 did not effect any change in substance nor alter the rights of either of the parties in a criminal proceeding. (See Committee Comments following article 116, SHA chap. 38, par. 116—1.)

The effect of a nonspecific oral motion for a new trial under prior section 17 was considered by this court in *People* v. *Flynn*, 8 Ill.2d 116. In that case we held that the section 17 requirements (that a post-trial motion for a new trial be in writing and list the specific grounds relied upon) are deemed waived if a defendant makes a nonspecific oral motion for a new trial which is not objected to by the State. We further held that in the event of such waiver, the de-

fendant is not precluded on appeal from raising any errors which might appear in the record, even though not specified in the oral post-trial motion for a new trial. (See also *People* v. *Robinson,* 21 Ill.2d 30; *People* v. *Lopez,* 10 Ill.2d 237.) We think that this is a sound and proper rule for the reasons stated at length in the *Flynn* opinion. We are of the further opinion that what we there held is likewise applicable to section 116—1 of the Code of Criminal Procedure of 1963. The appellate court's decision to the contrary is therefore reversed.

Turning to the merits of defendants' contention that they were denied an opportunity to impeach one of the State's witnesses, it appears that Mrs. Emma Williams, the complaining witness, testified for the State that the defendants were the ones that committed the crime. On cross-examination, it was established that Mrs. Williams had testified earlier at a preliminary hearing before Judge Wendt. Also on cross-examination, she testified, "I guess I testified before Judge Wendt. I'm not sure what court it was in." She was then asked, "Did you tell Judge Wendt that you hadn't seen the ones who did it, but that you felt. them?" Her answer was, "No, I didn't make that statement. I identified them at that time."

Defendants' counsel then attempted to impeach Mrs. Williams by the testimony of defendant Richard Hudson who had been present at the preliminary hearing before Judge Wendt at which Mrs. Williams previously testified. The report of proceedings contains the following questions by the defendants' counsel, Marshall Hartman, the objections thereto by assistant State's Attorney Katz, and the court's rulings thereon:

"Q. * * * Now, did they ever ask her, and did she answer—

Mr. Katz: Objection.

The Court: The objection is sustained.

Mr. Katz: Leading the witness. You have a proper

way. This is not the best evidence, counsel.

THE COURT: Objection sustained, no argument necessary.

MR. HARTMAN: Q. What did she testify to before when you were present?

THE WITNESS: A. She testified that two men were coming up behind her.

MR. KATZ: Objection to this testimony, Your Honor.

THE COURT: The objection is sustained.

MR. HARTMAN: Q. Did she ever testify that she saw the men who did this?

MR. KATZ: Objection.

THE COURT: Objection sustained.

MR. HARTMAN: I am going to bring the court reporter in.

MR. KATZ: You said you were ready for trial at one o'clock.

THE COURT: Objection sustained, no discussion necessary."

We are of the opinion that defendants' counsel laid a sufficient foundation for the impeachment of Mrs. Williams as to her prior testimony at the preliminary hearing. Furthermore, it is clear that counsel's questioning of defendant Richard Hudson above set forth was an effort on his part to show that Mrs. Williams's testimony at the trial was inconsistent with that at the preliminary hearing.

When counsel failed in his attempt to impeach Mrs. Williams by the testimony of defendant Richard Hudson, counsel then apparently attempted to bring in the court reporter for the same purpose. This failed also. It is clear, therefore, that defendant's counsel was effectively foreclosed from impeaching one of the State's most important identification witnesses. That identification of the defendant was a crucial issue in the trial is clear, since two eyewitnesses testified for the defense that they saw the occurrence and that the defendants were not the ones who com-

mitted the crime. The error committed in the trial court was therefore prejudicial and requires a new trial.

The judgment of the appellate court is reversed and the cause is remanded to the circuit court of Cook County for a new trial.

*Reversed and remanded.*