THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HERMAN EUGENE HARRAWOOD, Defendant-Appellant.

Fifth District   No. 77-556

Opinion filed November 21, 1978.

G. MORAN, J., dissenting.

Joe Harrison, of Fairfield, for appellant.

Robert J. Hawkins, State's Attorney, of Fairfield (Bruce D. Irish and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, Herman Eugene Harrawood, was charged in the circuit court of Wayne County with the offense of unlawful delivery of less than 200 grams of substance containing phencyclidine (PCP). Following a jury trial, defendant was found guilty as charged and was sentenced to a term of five years probation conditioned upon a fine of $4,000 and a term of 100 days of periodic imprisonment.

Defendant brings this appeal. The State has moved to dismiss this appeal, relying on *People v. Hammond*, 48 Ill. App. 3d 707, 362 N.E.2d 1361, on the grounds that because defendant failed to file any post-trial motion, written or oral, he waived consideration of all errors herein raised. Defendant has filed an objection to the State's motion, and the matter was taken with the case.

The evidence presented at trial may be briefly stated. On December 30, 1976, two undercover agents of the Department of Law Enforcement, Phillip Sylvester and John Sandusky, were conducting a drug investigation accompanied by an unidentified informant. The three went to a trailer for the purpose of purchasing phencyclidine and there met defendant and Geno Cunningham. The group, including defendant, went to the kitchen area where the agents purchased one gram of the substance from Cunningham. The agents then offered to purchase a second gram of the substance, at which point defendant picked up a plastic bag containing the substance, opened it and held it while Cunningham proceeded to weigh out a second gram. The evidence further showed that the agents had purchased for $130 a total of 2.3 grams of a substance containing phencyclidine.

On appeal, defendant presents the following issues for review: (1) whether the trial court erred in granting the State's motion in limine prohibiting any reference to the fact that defendant's brother, Samuel, had originally been arrested for the instant offense[1]; (2) whether the court erred in instructing the jury on accountability because defendant was charged as a principal; (3) whether the court erred in admitting in evidence an evidence envelope and an evidence receipt, both of which had not been listed in the State's response to defendant's discovery motion; (4) whether the court abused its discretion in refusing to strike the testimony of the State's chemist because only the chemist's report but not his personal notes had been produced by the State in response to discovery; (5) whether the State failed to prove beyond a reasonable doubt that defendant was not a person authorized by law to deliver controlled substances; and (6) whether the State failed to prove beyond a reasonable doubt that defendant knew the substance involved in the offense to be a controlled substance.

■■ Section 116—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 116—1), governing motions for a new trial, provides for a fair and orderly procedure for post-trial review in the trial court allowing claims of error to be passed upon by the court in the best position to do so and, where such claims are meritorious, avoiding the delay and expense inherent in an appeal. (*People v. Sweeny*, 57 Ill. App. 3d 879, 373 N.E.2d 663.) Illinois courts have long required some form of post-trial review in the trial court in order to preserve allegations of error for the purposes of appeal. Thus it is well established that generally the failure to raise an issue in a motion for a new trial constitutes a waiver of that issue and a defendant cannot then urge such as a ground for reversal on appeal. (*People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Hairston*, 46 Ill. 2d 348, 263 N.E.2d 840, *cert. denied* (1971), 29 L. Ed. 2d 136, 91 S. Ct. 1658; *People v. Irwin*, 32 Ill. 2d 441, 207 N.E.2d 76.) As stated in *Sweeny*, the purposes of this waiver rule are:

"(1) to insure that the trial court is informed of possible errors so that the court has an opportunity to correct those errors; (2) to give the reviewing court the benefit of the judgment and observations of the trial court with regard to the issues raised on appeal; (3) to prevent a defendant from objecting to that in which he has

---

[1] During pretrial hearings, there was testimony that five months after the instant offense, Samuel was erroneously arrested for the offense but was immediately released when Sandusky saw him and determined that the wrong person had been charged. Until that time Sandusky and Sylvester had known defendant only by his last name. The trial court granted the State's motion in limine finding that this incident was not the result of any misidentification of the person of defendant, but was merely the result of confusion over defendant's correct first name.

acquiesced throughout the course of the trial; (4) to eliminate unnecessary reviews and reversals; and (5) to prevent the possibility of unlimited litigation." 57 Ill. App. 3d 879, 885, 373 N.E.2d 663, 668.

Exceptions to the application of the waiver rule have been made with regard to allegations of the insufficiency of the evidence which may be raised for the first time on appeal (*People v. Walker*, 7 Ill. 2d 158, 130 N.E.2d 182; *People v. Richardson*, 49 Ill. App. 3d 170, 363 N.E.2d 924), or in those instances in which the allegation of error would not normally be expected to be included in a post-trial motion, such as the allegations of ineffective representation (*People v. Pendleton*, 52 Ill. App. 3d 241, 367 N.E.2d 196; but see *People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227). Moreover, under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)), a reviewing court may, as a matter of grace, elect to take notice of plain errors affecting substantial rights which have not been properly preserved. *People v. Pickett.*

Where, contrary to the requirements of section 116—1 that the motion be in writing with specificity, a general oral motion for a new trial is made without objection by the State, such has been held to be sufficient to preserve for review all objections otherwise properly appearing upon the record. (*People v. Whitehead*, 35 Ill. 2d 501, 221 N.E.2d 256; *People v. Flynn*, 8 Ill. 2d 116, 133 N.E.2d 257.) On the other hand, where no post-trial motion, either written or oral, is made and the reviewing court finds nothing to consider, a dismissal of the appeal has been held to be appropriate. *People v. Hammond*, 48 Ill. App. 3d 707, 362 N.E.2d 1361.

In the instant case, defendant failed to file any post-trial motion, written or oral, consequently resulting in the State's motion to dismiss now before us. In his objection to the State's motion, defendant argues both the inapplicability and the invalidity of the waiver rule.

⊙ 2 Turning first to the broader questions raised by defendant, he contends first that a waiver rule under section 116—1 is an unconstitutional legislative infringement of the exclusive judicial power to regulate appeals under article 6 of the Illinois Constitution of 1970. This contention is based on the premise that the waiver rule is a product of section 116—1. It is not. (*People v. Sweeny*, 57 Ill. App. 3d 879, 373 N.E.2d 663.) As we stated in *Sweeny*:

> "Section 116—1 * * * only addresses post-trial procedure in the trial court. It contains no reference to the waiver rule or to appellate procedure and it prescribes no consequences for a failure to comply with its terms. Particularly, it does not mandate the application of the rule of waiver in a reviewing court. * * *

[T]he waiver rule is not one created by the statute but rather, is a court-created rule of procedure on appeal." (57 Ill. App. 3d 879, 885, 373 N.E.2d 663, 667-68.)

The waiver rule is a product of Illinois case law and it receives implicit recognition and approval in Supreme Court Rule 615(a). Accordingly, we find no merit to this contention.

Defendant further argues that the waiver rule is an invalid restriction on his right to appeal under article 6, section 6 of our State constitution. We disagree.

■■ A defendant's right to appeal does not amount to a right to an unlimited review or to a trial *de novo* in a reviewing court. Appellate review is generally restricted to what has been properly presented and preserved of record in the trial court. And a defendant's right to appeal must be exercised within the procedural framework established by law. (*People v. Nordstrom*, 37 Ill. 2d 270, 226 N.E.2d 19.) The waiver rule, as other like rules of procedure, finds its justification upon the interest of a fair, orderly and expeditious administration of justice. Therefore, we find nothing invalid or unconstitutional in the proper enforcement of the rule.

Turning next to the applicability of *Hammond* and the waiver rule to the instant case, defendant first appears to contend that because the relief sought by him on appeal is, in part, a dismissal of the charge, the waiver rule is inapplicable because errors warranting such relief would not ordinarily be expected to be included in a motion for a new trial. However, since we find none of the errors alleged, if of merit, to warrant such relief, we need not consider this point further.

■■ ■ Defendant also argues that each of the six contentions of error raised by him on appeal amount to plain error or otherwise are cognizable despite the waiver rule and thus a dismissal pursuant to *Hammond* would not be proper. The first four of his contentions raised concern alleged trial error committed, none of which we find from the record are plain error. Consequently, we deem these to have been waived. The last two contentions, however, go to the sufficiency of the evidence, which may properly be raised for the first time on appeal. (*People v. Walker*, 7 Ill. 2d 158, 130 N.E.2d 182.) Since these questions are properly before us, the State's motion to dismiss is denied.

Before turning to these questions, however, a final argument, raised by defendant in his objection to the State's motion, is to be noted. In it, he argues that his counsel's failure to file a post-trial motion under the circumstances amounts to ineffective representation. (*People v. Greenlee*, 44 Ill. App. 3d 536, 358 N.E.2d 649; *People v. Lamparter*, 56 Ill. App. 3d 823, 371 N.E.2d 997.) This argument, not included in his brief, was not timely raised. Nonetheless, after a review of the record, we find it to be without merit.

■■ The first question presented is whether the State failed to prove beyond a reasonable doubt that defendant was not a person authorized by law to deliver controlled substances. The record shows that the State voluntarily assumed this burden of proof (see *People v. Biers*, 41 Ill. App. 3d 576, 353 N.E.2d 389), and to that end presented evidence that defendant runs a trenching machine service as his occupation. We find that this evidence and the evidence concerning the furtive nature and circumstances surrounding the instant drug transaction and substantial sum of money involved were sufficient to support the jury's conclusion of defendant's lack of authorization to sell drugs.

■■ As to the second issue presented, for similar reasons we find sufficient evidence from which the jury could reasonably infer defendant's knowledge. We do not find the jury's determination so palpably contrary to the weight of the evidence or the evidence so unsatisfactory as to warrant disturbing the verdict of defendant's guilt.

Accordingly, the judgment entered by the circuit court of Wayne County is affirmed.

Affirmed.

HICKMAN, J., concurs.

G. J. MORAN, J., dissents.