THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME WELTE, Defendant-Appellant.

Fourth District    No. 15383

Opinion filed October 25, 1979.

Richard J. Wilson and Donald T. McDougall, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Marc D. Towler and Robert J. Biderman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was found guilty in a jury trial of armed violence and burglary and sentenced to concurrent terms of 6 years for the armed violence and 3 years for the burglary. He timely filed a notice of appeal, and in this direct appeal, raises two issues: (1) He asserts that the trial court committed reversible error when it permitted the prosecutor to inquire of defense witnesses, over objection, why each had not come forward and volunteered the information about which they were testifying; and (2) that the defendant cannot be properly convicted and

sentenced for both armed violence and burglary because both offenses upon the facts here arose from the same physical act. The People, with commendable candor, have conceded the validity of the second issue, and we approve the confession of error upon that issue. Thus, this opinion need concern itself only with the alleged improper inquiry of defense witnesses as to why they remained silent.

The State contends that this issue is waived because no written post-trial motion was filed and an oral post-trial motion was made suggesting several reasons other than the one asserted here as a basis for a new trial. ■■ Section 116—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 116—1) provides for a written motion for a new trial to be filed within the time limitations therein designated. The cases hold that this statutory requirement may be waived by the State if the defendant makes a nonspecific oral motion for a new trial, and that fact, including the fact that the motion was oral, is not objected to by the State. (*People v. Flynn* (1956), 8 Ill. 2d 116, 133 N.E.2d 257; *People v. Gary* (1976), 42 Ill. App. 3d 357, 356 N.E.2d 135.) When the State does not object to the post-trial motion being oral, the defendant is not precluded on appeal from raising errors which might appear in the record although not specified in the oral motion for a new trial. (*People v. Whitehead* (1966), 35 Ill. 2d 501, 221 N.E.2d 256.) In this case, the State contends that the foregoing rule is not applicable because the defendant did make an oral motion and in that oral motion enunciated several alleged errors. The State therefore contends that since various errors were set forth, the defendant should now be confined to those rather than allowed to avail himself of the rule in *Whitehead.* We do not agree. If the State does not object to the oral post-trial motion, we take it to be settled by the cases that the defendant is not precluded on appeal from raising any errors which might appear in the record, even though not specified in the oral motion, even though the oral motion asserted the alleged errors with great specificity.

■■ Upon the merits of the issue, we find no reversible error in the examination of the witnesses. Defense witnesses, alibi witnesses, were cross-examined by the People, over objection, and were asked whether each had volunteered the alibi information to the investigating police officers. Each of the witnesses testified that she had not volunteered the information to the police. The defendant urges that this cross-examination of defense witnesses offends the language and spirit of the case of *People v. Godsey* (1978), 74 Ill. 2d 64, 383 N.E.2d 988. In *Godsey*, the supreme court condemned as reversible error improper interrogation under the guise of impeachment of a defendant's wife with reference to grand jury proceedings wherein the wife had invoked the fifth amendment. The court held that such impeachment was improper and that since the wife's

fifth amendment plea was directed towards the same criminal conduct with which the defendant could likewise be linked, the jury could infer his guilt from her refusal to testify on fifth amendment grounds. We are not persuaded that either the language or the spirit of *Godsey* touches upon the issue in this case. Rather we agree with the People that the interrogation found here was proper cross-examination and well within the rule permitting the State to develop circumstances and knowledge of the witnesses which explains qualifications or tends to discredit their direct testimony. Basically, the inquiries here were directed to the question of prejudice, bias, or sympathy for the defendant.

The judgment and sentence upon the armed violence conviction is affirmed. The judgment and sentence on the burglary conviction is reversed and this cause is remanded to the circuit court of Adams County for the issuance of an amended mittimus.

Affirmed in part, reversed in part, and remanded with directions.

REARDON, P. J., and TRAPP, J., concur.