THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* PATSY REDDICK, Defendant-Appellee.

Fourth District No. 15675

Opinion filed January 21, 1980.

336

CRAVEN, J., dissenting.

Paul C. Komada, State's Attorney, of Charleston (Marc D. Towler and Karen Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Richard J. Wilson and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

On November 29, 1978, defendant, Patsy Reddick, was charged by information with deceptive practices in violation of section 17—1(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 17—1(d)). The information alleged that on November 4, 1977, defendant delivered a bank check, in the amount of $66 to 3 D Discount Store, a division of Danner's Incorporated, knowing that the check would not be paid by the depository. The information was subscribed and sworn to on May 22, 1978. Defendant was arrested on January 18, 1979.

On April 16, 1979, defendant filed a motion to dismiss the charge. The motion stated that there was a 10-month delay between the time the prosecutor had information necessary to charge defendant on January 31, 1978, and the date the charge was actually filed on November 29, 1978. Defendant claimed prejudice from this delay in that an eyewitness was no longer available or amenable to service and that defendant no longer had a clear recollection of the events that had occurred.

At the hearing on defendant's motion, defendant testified that she did not have an independent recollection of the events that had occurred on November 4, 1977, the date on which she allegedly wrote the check. She

testified that she did not remember issuing the check that day or handing the check to a 3 D employee. She testified further that in October 1978, she was at the courthouse to testify in a murder trial for the prosecution. She said that prior to the trial, someone from the State's Attorney's office called her to ask her about testifying at that trial and to inform her about the bad check. Defendant testified that she then promptly paid the check. She identified the receipt that had been given to her by the store upon payment and her signature on the check in question.

At the hearing the State stipulated to the fact that the merchant had signed a request for prosecution on January 31, 1978.

After taking defendant's motion to dismiss under advisement, the trial court granted the motion. The court's order states that the delay in excess of one year from the alleged commission of the offense until the filing of the information caused actual and substantial prejudice to the defendant, which prejudice resulted in a denial of due process of law. The court also found that the delay was not intentional, but resulted from inadvertence and the pressure of business in the State's Attorney's office.

On appeal from the trial court's order, the State argues that the trial court's dismissal of the charge against defendant was erroneous since defendant failed to allege or prove any actual and substantial prejudice resulting from the delay. Therefore, the State argues, the dismissal of the charge should be reversed, and the charge should be reinstated. We agree.

■■■ In *People v. Lawson* (1977), 67 Ill. 2d 449, 459, 367 N.E.2d 1244, 1248, the supreme court stated:

> "Where there has been a delay between an alleged crime and indictment or arrest or accusation, the defendant must come forward with a clear showing of actual *and* substantial prejudice. Mere assertion of inability to recall is insufficient. If the accused satisfies the trial court that he or she has been substantially prejudiced by the delay, then the burden shifts to the State to show the reasonableness, if not the necessity, of the delay.
>
> If this two-step process ascertains both substantial prejudice and reasonableness of a delay, then the court must make a determination based upon a balancing of the interests of the defendant and the public. Factors the court should consider, among others, are the length of the delay and the seriousness of the crime." (Emphasis added.)

In her motion to dismiss, defendant claimed prejudicial delay due to the unavailability of an eyewitness and because she had no memory of the events that had occurred on November 4, 1977. At the hearing on the motion, defendant testified that she had no recollection of the events on November 4, and that she did not remember issuing a check or handing a

check to a 3 D employee on that date. Defense counsel argued at the hearing that defendant had been prejudiced since she could not remember any of the circumstances concerning the check.

*Lawson* expressly cautioned that neither merely asserting an inability to recall nor demonstrating the possibility of prejudice is enough to constitute actual and substantial prejudice. 67 Ill. 2d 449, 459, 367 N.E.2d 1244, 1248-49.

Here, defendant's claim of prejudice rests on nothing more than her inability to recollect the events of November 4, 1977. At the hearing, defendant never identified or explained the significance of the unavailable witness, nor has she offered any explanation on appeal. While the delay in filing the November 1978 information may have caused defendant inconvenience and may be an indication of prosecutorial inefficiency, especially since the information had been signed in May 1978, defendant has not shown that she was prejudiced by the delay. Therefore, we hold that the trial court erred in finding substantial and actual prejudice.

Because defendant did not make a sufficient showing of prejudice, under *Lawson*, the State does not have the burden to show that the delay was reasonable or necessary.

Defendant also argues on appeal that the State arbitrarily elected to prosecute her, thereby denying her equal protection of the law. Defendant offers this as another reason why the trial court properly dismissed the charges against her.

Defendant's argument is based on her contention that the State's Attorney's office has a policy of not prosecuting individuals for the offense of deceptive practices where the check in question is paid within seven days following notice by the State. Defendant submits that she first was advised of the check by the State's Attorney's office in October 1978, that she promptly reimbursed 3 D Discount for the amount on October 7, 1978, yet the State filed charges approximately six weeks later. Defendant concludes that the State abused its discretion by prosecuting her under exactly the same circumstances in which it had declined to prosecute similarly situated individuals.

Defendant neither made an equal protection argument nor raised the purported policy of the State's Attorney's office in the trial court. Rather, the court, during the State's closing remarks, expressed its understanding that the State's Attorney's office had such a policy. From our reading of the record, we believe that the trial court, by bringing this practice to the attention of the Assistant State's Attorney, wanted him to defend the merits of the prosecution in view of the evidence that defendant eventually had paid the check. The court, however, did not articulate a discernable equal protection argument.

■■ As a general proposition, an issue not raised in the trial court cannot be raised for the first time on review. (*People ex rel. Wilcox v. Equity Funding Life Insurance Co.* (1975), 61 Ill. 2d 303, 335 N.E.2d 448; *People v. Harrawood* (1978), 66 Ill. App. 3d 163, 383 N.E.2d 707; *People v. Benford* (1975), 31 Ill. App. 3d 892, 335 N.E.2d 106.) A court of review should disregard this general rule and undertake to decide an issue not raised in the trial court only when all factual matters necessary to the determination of the question are presented in the record. (*Wilcox.*) Moreover, it has been held that in order for a defendant to challenge successfully a prosecution on grounds of unlawful discrimination, that defendant must show that he was selected for a constitutionally impermissible reason such as race, religion, or exercise of first amendment rights. *People v. Lewis* (1979), 73 Ill. App. 3d 361, 386 N.E.2d 910, and cases cited therein at 73 Ill. App. 3d 361, 364-65, 386 N.E.2d 910, 914.

Defendant did not raise the issue below, and the facts necessary to determine whether the State's prosecution has deprived her of equal protection are not contained in the record. For example, the record neither contains evidence of the breadth of the State's purported policy nor indicates why defendant was selected for prosecution in contravention of that policy. There is no showing in the record of any of the impermissible grounds for selective prosecution that have been set out in *Lewis*.

For the foregoing reasons, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings.

Reversed and remanded.

MILLS, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

The trial court was correct and should be affirmed. In *Lawson*, the supreme court stated:

> "If the accused satisfies the trial court that he or she has been substantially prejudiced by the delay, then the burden shifts to the State to show the reasonableness, if not the necessity, of the delay." 67 Ill. 2d 449, 459, 367 N.E.2d 1244, 1248.

It is absolutely clear from this record that the defendant established that she had been substantially prejudiced by the delay. We are here dealing with a transaction involving a $66 check issued to a department store or discount store. The transaction took place well over a year prior to the time that the defendant was charged by information. The finding of the trial court of substantial prejudice was clearly sufficient to shift the

burden of proof to the State. Every opportunity was afforded the State to explain the delay. Indeed, the trial court judge specifically and explicitly inquired of the People the reason for the delay. The prosecution referred to the tremendous load that the prosecutor's office has in bad check cases and expressed the opinion that the delay in the present case may just have been inadvertence. As I view *Lawson*, that is not a satisfactory explanation of the delay. It does not show reasonableness nor necessity.

It is the clear import of *Lawson* that the trial court must make a determination based upon a balancing of the interests of the defendant and the public and in doing so should consider the length of the delay and the seriousness of the offense. The trial court performed that function admirably and well and we should affirm, not reverse, the determination thus made.