THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WAYNE PEARSON *et al.*, Defendants-Appellants.

First District (4th Division)    No. 78-1311

Opinion filed September 11, 1980.

Sam Adam, Marvin Bloom, and Arnette Hubbard, all of Chicago, for appellant Stephan Williams.

James J. Doherty, Public Defender, of Chicago (James L. Rhodes, Assistant Public Defender, of counsel), for appellant Wayne Pearson.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, James Veldman, and Christine A. Campbell, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The defendants, Wayne Pearson and Stephan Williams, were tried in the circuit court of Cook County on three counts of armed robbery. Following a bench trial, both defendants were found guilty. They appeal their convictions, alleging that the court violated their right to a speedy trial under the "Fourth Term Act" (Ill. Rev. Stat. 1977, ch. 38, par. 103—5), by improperly attributing requests for continuances to the defendants.

At the arraignment, the court appointed the public defender to represent both defendants. Defendant Pearson subsequently retained private counsel. From February 7, 1977, the date of the arraignment, until August 29, 1977, motions for continuances were made and entered either by agreement or attributed by the court to the defendants.

On July 20, 1977, Williams' attorney informed the court that she was not ready for trial and requested a continuance. Williams responded "I don't have no attorney. I am ready for trial." The court nevertheless continued the cause "by agreement" as to Williams.

On August 11, 1977, Pearson's attorney withdrew from the case, and the court continued the cause until August 19, 1977, so that Pearson could obtain other counsel. Williams' attorney agreed to this continuance.

On August 19, 1977, Pearson appeared without counsel and indicated that he intended to obtain the services of an attorney. That same day, Williams' attorney requested a short date for a hearing on a motion. Williams objected to the request, stating "I'm ready for trial. Forget the motion." The court granted a continuance until August 29, 1977, noting that it was "motion defendant" as to Pearson and "by agreement" as to Williams.

A hearing was held on August 29, 1977, at which Pearson was still not represented by counsel. When asked whether he wanted the public defender to represent him, Pearson responded, "No. I'm not ready, no." The court then asked Pearson if he wished to represent himself. Pearson failed to respond to this question. At this same hearing, Williams several times informed the court of his readiness to proceed to trial. When the

assistant public defender indicated that he was not ready for trial, Williams stated "you are not my attorney. And I am ready for trial." The court continued the cause until September 14, 1977, and attributed the continuance to both defendants.

On September 14, 1977, both defendants clearly indicated that they wished to represent themselves. The court granted their motions. From this date until the date of trial, all continuances were made by the State. The court convicted both defendants, and the public defender was appointed to represent them at the sentencing hearing. After they were sentenced, oral motions for a new trial and for an arrest of judgment were made on behalf of both defendants. The court denied the motions.

The defendants contend that the trial court erroneously continued the cause over their protests for more than 120 days while they remained in continuous custody, thereby entitling them to be discharged under the so-called "Fourth Term Act" (Ill. Rev. Stat. 1977, ch. 38, par. 103—5). This act requires the State to discharge any defendant who is not brought to trial within 120 days of his arrest unless the defendant occasions the delay.

■■ We first consider the contention of the State that the defendants waived this issue for purposes of review. This contention is based on section 114—1(a), (b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—1(a), (b)), which states that a motion for discharge under the speedy trial statute must be made prior to trial or it will be considered waived. The statute provides as follows:

"(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

(1) The defendant has not been placed on trial in compliance with Section 103—5 of this Code;

* * *

(b) * * * Any motion not filed within such time or an extension thereof shall not be considered by the court and the grounds therefor, * * * are waived."

The requirements of this statute have been somewhat modified by Illinois case law, which establishes that a motion for discharge based on denial of a speedy trial can be made before conviction or in a post-trial motion. Failure to so raise the issue will constitute a waiver. *People v. Taylor* (1965), 32 Ill. 2d 165, 204 N.E.2d 734; *People v. Glanton* (1975), 33 Ill. App. 3d 124, 338 N.E.2d 30.

■■ The State contends that since Pearson first raised the issue on appeal and Williams first raised it in a post-conviction petition, both defendants waived the right to have the issue considered by this court. In making this argument, the State overlooks the fact that both defendants made *oral*

motions for a new trial. The cases which the State cites in support of its waiver argument involve failure to raise the speedy trial issue in *written* post-trial motions. It has been held on several occasions that although a motion for a new trial is required by statute to be in writing (Ill. Rev. Stat. 1977, ch. 38, par. 116—1), a general oral motion to which the State does not object will preserve for review all errors which appear properly preserved on the record (*People v. Whitehead* (1966), 35 Ill. 2d 501, 221 N.E.2d 256; *People v. Flynn* (1956), 8 Ill. 2d 116, 133 N.E.2d 257). The record indicates that an oral motion for a new trial was made on behalf of both defendants. Since the State failed to request that the motion be in writing, we believe that the issue of whether the defendants were denied a speedy trial has been properly preserved for review.

■■ We next consider the defendants' claim that they were entitled to be discharged because of the State's failure to bring them to trial within 120 days of their arrest as mandated by section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 103—5), which provides:

> "(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *."

A defendant tolls the running of the statutory period and a new cycle begins to run where he obtains a continuance with respect to an offense committed prior to March 1, 1977. (*People v. Gooding* (1975), 61 Ill. 2d 298, 335 N.E.2d 769.) The last continuance charged to the defendants was granted on August 29, 1977, 135 days before the trial. If the defendants are correct in asserting that the trial court erred in attributing this continuance to them, their rights under the Fourth Term Act have been violated. However, if the continuance from August 29, 1977, to September 14, 1977, was correctly charged to the defendants, the trial on January 11, 1978, fell within the 120-day period. The crucial determination, then, is whether or not the August 29, 1977, request for a continuance was caused by the delay of the defendants.

■■ In making this determination, it is necessary to inquire into the circumstances surrounding the granting of the continuance. (*People v. Gooding* (1975), 61 Ill. 2d 298, 335 N.E.2d 769.) It has been held that where a continuance is occasioned by the request of the defendant for other counsel or where the circumstances indicate that the defendant is not ready for trial, the resulting delay is properly attributable to the defendant. (*People v. Faulisi* (1966), 34 Ill. 2d 187, 215 N.E.2d 276.) Furthermore, the burden of showing that he was not responsible for the delay rests with the defendant. *People v. Bixler* (1971), 49 Ill. 2d 328, 275 N.E.2d 392, *cert. denied* (1972), 405 U.S. 1066, 31 L. Ed. 2d 796, 92 S. Ct. 1500.

■■ With respect to defendant Pearson, we do not believe that the trial

court erred in holding that the August 29, 1977, continuance was caused by the actions of the defendant. The record shows that Pearson appeared without an attorney on that date. When asked by the court whether he wanted the public defender to represent him, Pearson replied "No. I'm not ready, no." The court then asked Pearson whether he wished to represent himself. Pearson failed to respond to this question and made no further statements at the hearing. Since Pearson had informed the court on both August 11, 1977, and August 19, 1977, that he intended to obtain private counsel, it was reasonable for the court to infer that Pearson did not want to proceed to trial unrepresented. In light of these circumstances, it was proper for the court to conclude that the defendant was not ready for trial on August 29, 1977, and to attribute the delay to him.

■■ Defendant Williams, however, objected to the continuances and declared several times that he was ready for trial. On July 20, 1977, when his attorney requested a continuance, Williams stated that he was ready for trial and that he no longer wanted his attorney. The court nevertheless continued the cause "by agreement" as to Williams. On August 19, 1977, Williams objected to his attorney's request for a continuance to prepare a motion, stating, "I'm ready for trial. Forget the motion." Again, the cause was continued "by agreement" over the objections of the defendant. On August 29, 1977, the defendant several times informed the court of his readiness to proceed to trial. When the public defender indicated that he was not ready for trial, the defendant stated "you are not my attorney. And I am ready for trial." Despite the defendant's willingness to proceed to trial, the court again continued the cause and attributed the continuance to the defendant.

Defendant Williams contends that the trial court ignored his right of self-representation and continued the cause over his objections, thereby violating his right to a speedy trial. The State does not deny that Williams had the right to represent himself, but argues that he did not sufficiently assert this right until September 14, 1977, when he stated, "I'll represent myself." We believe that Williams' statements that he was ready for trial and that he no longer considered the public defender to be his attorney were sufficient to notify the court of his desire to be tried without further delay. Since the court continued the cause over Williams' objections and improperly charged the delay to him, Williams was denied his right to a speedy trial and is entitled to be discharged under the Fourth Term Act.

Accordingly, the judgment of the circuit court is affirmed as to defendant Pearson and reversed as to defendant Williams.

Affirmed in part; reversed in part.

LINN, P. J., and ROMITI, J., concur.