THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* IVORY MOORE, Defendant-Appellant.

Second District   No. 79-477

Opinion filed December 17, 1980.

Mary Robinson and Donna R. Palm, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis P. Ryan, State's Attorney, of Waukegan (Phyllis J. Perko and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Ivory Moore, was convicted of armed robbery at a jury trial, and was sentenced to a term of six years' imprisonment. Defendant appeals, claiming as error the trial court's refusal to allow defense counsel to rehabilitate a defense witness.

Defendant was arrested on June 9, 1978, and charged with armed robbery. On June 9, 1978, defendant stated to the police that he participated in the armed robbery with another person by the name of Jive, but that defendant did not hold the gun, and that Jive forced him to participate in the offense. The complaining witness had told the police that defendant had held the gun.

Defendant's first trial resulted in a mistrial. At a second trial, defendant, in furtherance of his compulsion defense, called his father to testify. The father testified that the complaining witness had related to him that he was unsure that defendant ever held the gun. On cross-examination, the State brought out testimony, over defendant's objection, that defendant's father had not told anyone of this conversation until approximately two weeks prior to trial, thereby implying that that conversation had been recently fabricated.

Defendant's attorney attempted to rehabilitate defendant's father by asking if there were any reasons why the witness had waited so long to divulge this information to defense counsel. After objection by the State that such an inquiry was collateral, defense counsel explained to the court out of the hearing of the jury that the attorney who had represented defendant at his first trial would not listen to defendant or defendant's father until he was paid a retainer fee. The court sustained the State's objection to this testimony, but allowed defendant's father to explain that he had related the complaining witness' statement to defendant's present attorney as soon as he hired her. The complaining witness' on rebuttal testified that he never made the statement in question. Defendant was subsequently found guilty of armed robbery.

At defendant's hearing for post-trial motions and for sentencing, defense counsel made an oral post-trial motion alleging only that the court

erred in allowing the State to exercise peremptory challenges against all black prospective jurors. The court denied defendant's motion. No written or other oral post-trial motions were made.

The State initially contends that defendant's only assertion of error on appeal was waived when he did not include it in his specific oral post-trial motion. The Illinois Supreme Court has on many occasions held that a defendant waives appellate review of an issue when he does not include it in a specific written post-trial motion. (*People v. Foster* (1979), 76 Ill. 2d 365, 392 N.E.2d 6; *People v. Coles* (1979), 74 Ill. 2d 393, 385 N.E.2d 694.) However, the supreme court has also held that an oral nonspecific motion for a new trial, not challenged by the prosecution, is sufficient to preserve all errors appearing of record. (*People v. Whitehead* (1966), 35 Ill. 2d 501, 221 N.E.2d 256.) The State argues here that the holding in *Whitehead* was limited to *nonspecific* oral motions, and that, by implication, therefore, the general rule of waiver should apply in cases such as this one, where the grounds of the oral post-trial motion were specific.

The Fourth District recently considered virtually the same argument in *People v. Welte* (1979), 77 Ill. App. 3d 663, 396 N.E.2d 315. In *Welte*, the defendant's oral post-trial motion enunciated several alleged errors; no objection to the motion was made by the State. On appeal, the State asserted that the scope of appellate review should be confined to the errors articulated in the oral motion, and that the defendant should fall outside the rule of *Whitehead*. The Fourth District declined to adopt the rule urged by the State, and, based on *Whitehead*, found that, as the State had not objected to the oral post-trial motion, the defendant was not precluded on appeal from raising any errors which appeared in the record.

■■ In the instant case, defense counsel made an oral motion for a new trial; no timely objection was made by the State. We agree with the rationale of *Welte*, and therefore hold that, even though defendant's oral motion was based on specific grounds, as the State did not object to that motion, defendant is not precluded on appeal from raising any errors which might appear in the record even though not specified in the oral motion.

Turning to the merits of this appeal, defendant alleges that the trial court unduly limited defense counsel's ability on redirect to rehabilitate a defense witness whose credibility had been impeached by the State.

■■ ■ Defendant correctly contends that a defendant has the right to rehabilitate a witness who was previously impeached. (*People v. Diaz* (1979), 78 Ill. App. 3d 277, 397 N.E.2d 148.) Although the court should admit into evidence testimony to rebut a charge of recent fabrication (*Waller v. People* (1904), 209 Ill. 284, 70 N.E. 681), whether a particular line of inquiry in rehabilitation of a witness is proper lies largely within the

discretion of the trial court, which is in the best position to weigh the effect of both the impeachment and the attempted rehabilitation. (*People v. Burke* (1964), 52 Ill. App. 2d 159, 201 N.E.2d 636.) In the instant case, the court did allow defendant's father to testify that he told defendant's attorney of the conversation when he first hired her. The witness was therefore permitted to testify to facts which would be a basis to explain the prior absence of this evidence. The permitted testimony thus adequately informed the jury of the factual background of the rebuttal testimony, and prevented confusion of the jury by irrelevant circumstances regarding defendant's first attorney. We therefore find that the trial court did not abuse its discretion in limiting the rehabilitation of the defense witness as aforesaid, where the additional testimony offered by defendant concerned collateral and irrelevant facts.

For the reasons stated above, the judgment of the circuit court is affirmed.

Affirmed.

LINDBERG and UNVERZAGT, JJ., concur.