THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MANUEL RAMIREZ, Defendant-Appellant.

First District (1st Division)   No. 1—98—3379

Opinion filed February 22, 2000.

Michael A. Unger, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Mary L. Boland, Assistant State's Attorneys, and Prentis L. Johnson, law clerk, of counsel), for the People.

JUSTICE GALLAGHER delivered the opinion of the court:

Defendant Manuel Ramirez was charged with one count each of attempted first degree murder and aggravated battery with a firearm, and two counts each of armed violence and aggravated battery. Defendant unsuccessfully moved to suppress evidence. Following a stipulated bench trial, defendant was acquitted of both counts of armed violence, but he was found guilty of attempted first degree murder, aggravated battery with a firearm, and both counts of aggravated battery. He was sentenced to a prison term of eight years for attempted first degree murder only. On appeal, defendant contends that the trial court erred in denying his motion to suppress because there was no probable cause and there were no exigent circumstances supporting his warrantless arrest. The State responds that the issues were waived and lack merit.

■ Defense counsel orally stated that he wished to preserve his right to appeal, without objection by the State to that procedure. *Cf. People v. Whitehead*, 35 Ill. 2d 501, 503-04, 221 N.E.2d 256 (1966); *People v. Shields*, 298 Ill. App. 3d 943, 950-51, 700 N.E.2d 168 (1998); *People v. Moore*, 92 Ill. App. 3d 71, 73, 414 N.E.2d 274 (1980); *People v. Redmond*, 73 Ill. App. 3d 160, 165, 390 N.E.2d 1364 (1979). We therefore decline to treat the issues as waived.

■ Defendant contends that *de novo* review is applicable (see *People v. Billingslea*, 292 Ill. App. 3d 1026, 1029, 686 N.E.2d 603 (1997)), but he implicitly disputes the credibility of Officer Reyes' testimony that defendant's sister and mother consented voluntarily to the officers' entry into defendant's home. We therefore apply the more deferential standard of review which scrutinizes only whether the trial court's denial of the motion to suppress was manifestly erroneous. See *People v. Krueger*, 175 Ill. 2d 60, 64, 675 N.E.2d 604 (1996); *People v. James*, 163 Ill. 2d 302, 310, 645 N.E.2d 195 (1994); *People v. Williams*, 305 Ill. App. 3d 517, 523, 712 N.E.2d 883 (1999).

■ Here, when Officer O'Brien tried to stop the car in which de-

fendant was a passenger for a traffic violation, the car initially sped away. When the car stopped, defendant fled on foot. His companions stated that he fled because he was wanted for a shooting somewhere on Archer Avenue. These circumstances established the requisite reasonable suspicion for an investigative stop of defendant. See *Illinois v. Wardlow*, 528 U.S. 119, 127-28, 145 L. Ed. 2d 570, 578-79, 120 S. Ct. 673, 677-78 (2000); *Terry v. Ohio*, 392 U.S. 1, 22, 20 L. Ed. 2d 889, 906-07, 88 S. Ct. 1868, 1880 (1968) (Steven, J., concurring in part and dissenting in part, joined by Sauder, Ginsburg and Breyer, JJ.); *People v. McGowan*, 69 Ill. 2d 73, 79, 370 N.E.2d 537 (1977).

Neighbors directed the officers to a particular two-story building following the traffic stop and defendant's flight. Officer Reyes testified that defendant's sister opened the front door of the two-flat and allowed the officers to enter. Officer Reyes further testified that, when the officers reached the second floor of the building, defendant's mother allowed them to search that apartment. When Officers Reyes and Taylor found defendant hiding in the bathroom of the second-floor apartment, defendant told the officers that he knew they were looking for him in connection with the shooting. Thus, defendant essentially told the officers that he was wanted, and probable cause then existed for the officers to arrest him. See generally *People v. Sims*, 167 Ill. 2d 483, 500, 658 N.E.2d 413 (1995); *People v. Edwards*, 144 Ill. 2d 108, 127-28, 579 N.E.2d 336 (1991); *People v. Blitz*, 68 Ill. 2d 287, 292-93, 369 N.E.2d 1238 (1977). The officers were not required to obtain a warrant because there was evidence that they were given voluntary consent to enter the residence (see *Williams*, 305 Ill. App. 3d at 527), and the trial court explicitly found that the officers were credible and that they gained entry by consent. Given the totality of the circumstances in this case, the trial court's denial of defendant's motion to suppress was not manifestly erroneous.

■ Finally, the State filed a motion, which is still pending, to dismiss the appeal based upon defendant's failure to file a transcript, which defendant has since filed. Accordingly, the judgment of the circuit court is affirmed, and the State's motion to dismiss is denied. As part of our judgment, we grant the State's request to assess defendant $100 as costs for this appeal.

Affirmed.

O'MARA FROSSARD, P.J., and RAKOWSKI, J., concur.