The People of the State of Illinois, Plaintiff-Appellee, *v.* Earl Rogers, Defendant-Appellant.

(No. 53872;

First District—March 25, 1971.

*Rehearing denied April 22, 1971.*

McCoy, Ming & Black, of Chicago, (Sophia H. Hall, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Martin Moltz, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant, Earl Rogers, appeals from a conviction by a jury of three counts of armed robbery. (Ill. Rev. Stat. 1967, ch. 38, par. 18—2.) He was sentenced to from 3 to 10 years in the State Penitentiary. The defendant alleges that the evidence was insufficient to prove him guilty beyond a reasonable doubt and that the trial counsel was so incompetent as to deny him a fair trial.

We affirm.

There is no question that there was a robbery on the night of April 6, 1968, at the Friendly Tap Tavern. The only question is whether the defendant participated in it.

The evidence discloses that five robbers were already in the tavern when a sixth man entered, forcing in Phil Czechowski, one of the regular customers of the tavern who had just pulled into the adjacent parking lot. Czechowski was unable to identify the defendant. However, Caroline Paston, the co-owner of the tavern, and John Small, another customer, were able, in open court, to positively identify the sixth man who came

into the tavern as the defendant and the man who pushed Phil Czechowski into the tavern.

The testimony showed that the lighting in the tavern was moderate with no indication in the record that it was insufficient for identifying the defendant. Caroline Paston testified that the lighting was comfortable, not bright or dark. As a matter of fact, the customers who were inside the tavern all testified to the effect that the lighting was comfortable and moderate, which would certainly indicate that there was sufficient lighting to make a good identification.

The witness, John Small, identified the defendant in court and stated that the defendant had his right hand placed in Czechowski's back, and that the defendant and Czechowski had passed by him going to the rear of the tavern. He further stated that his eyes followed them for approximately two to three feet, and that the six men passed by him while leaving the tavern. Small further testified that he had occasion to see the defendant when the defendant was standing to Small's left in front of the door. The witness had a clear, unobstructed view of defendant and was positive in his identification of him.

Shortly after the robbery the police trapped the getaway car, and the defendant was apprehended while fleeing with the other five men.

■■ A reviewing court will not disturb a guilty verdict on grounds of insufficient evidence unless it is so unsatisfactory, improbable or unreasonable or so palpably contrary to the evidence as to justify the court in entertaining a reasonable doubt of the defendant's guilt. (*People v. Woodruff*, 9 Ill.2d 429, 137 N.E.2d 809.) The guilty verdict based on the positive identification of the two eyewitnesses will not be disturbed.

■■ The charge that defendant's counsel was incompetent is without merit. A review of the record shows that counsel took an active role in the defense of his client.

■■ It is true that a criminal defendant is entitled to the effective assistance of counsel. (*People v. Somerville*, 42 Ill.2d 1, 245 N.E.2d 461.) *Gideon v. Wainwright*, 372 U.S. 335 (applying the Sixth Amendment to the states through the Fourteenth Amendment). 1870 Constitution of Illinois, Article II, par. 9. See 1970 Constitution of Illinois, Article I, par. 8.

■■■ However, the record shows that the defendant was represented by competent counsel. Exercise of judgment and discretion and decisions as to tactics are for the counsel to determine, not the reviewing court. (*People v. Green*, 36 Ill.2d 349, 223 N.E.2d 101.) Effective counsel is not denied even if counsel chooses a course which turns out less desirable than some alternative or even if counsel errs. *People v. Dean*, 31 Ill.2d 214, 201 N.E.2d 405.

■■  In order for a conviction to be overturned, the record must show that substantial prejudice resulted to defendant such that the outcome would have been different. *People v. Sanders,* 87 Ill.App.2d 122, 230 N.E. 2d 478.

■■  The first alleged proof of incompetence is counsel's failure to object to or argue about the in-court identification. However, this identification does not come within any of the rules concerning improper identification cited by defendant. The identification was a courtroom identification untainted by any prior identifications whatsoever. Defense counsel was present, able to and did examine both eyewitnesses about their identification.

Both *Stovall v. Denno,* 38 U.S. 293 and *People v. McMath,* 104 Ill.App. 2d 302, 244 N.E.2d 330, deal with the question of improper pre-trial identifications, which is not at issue here. No question is raised as to the constitutionality of the identification, but only as to the competence of counsel in dealing with the question of identification.

The second element which allegedly showed incompetence of counsel is failure to argue negative inferences arising from the State's failure to call the co-defendants who had pleaded guilty to the charge.

■■  *People v. Brown,* 102 Ill.App.2d 382, 243 N.E.2d 341, cited by defendant, stands opposed to the position advanced by him and for the proposition that "* * * the State is not obligated to produce every witness to a crime and the failure to produce a witness does not give rise to a presumption that the testimony of that witness would be unfavorable to the prosecution." *People v. Jones,* 30 Ill.2d 186, 190, 195 N.E.2d 698.

The third contention is that there was insufficient cross-examination as to the lighting conditions in the tavern. However, trial counsel did specifically question the conditions of lighting in the tavern.

The fourth contention as to competence is the failure to introduce medical evidence regarding defendant's condition of sobriety. There is nothing presented to this court to indicate what testimony might have been available, the lack of which would have been prejudicial. We will not speculate on this matter.

■■  The last question as to competency is that counsel had not fully prepared for trial by obtaining the list of witnesses or viewing the physical evidence in advance of the day of the trial. A review of the record does not show that defense counsel was surprised by any of the witnesses, was taken by surprise by any of their testimony or did not vigorously pursue the defense.

"It is well settled that 'To warrant a reversal because of incompetency of counsel, the record must clearly establish not only that counsel per-

formed his trial duties in an incompetent manner, but also that defendant was substantially prejudiced thereby. (*People v. Morris*, 3 Ill.2d 437.)' * * * An examination of the record in both cases clearly shows that the public defender conducted a vigorous and competent defense and that the alleged errors are, at most, errors in strategy which cannot be said to have resulted in substantial prejudice. *People v. Beckham*, 46 Ill.2d 569, 571, 264 N.E.2d 149."

The judgment, therefore, is affirmed.

Judgment affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.