THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY BAILEY, Defendant-Appellant.

Second District (2nd Division)    No. 75-453

Opinion filed October 19, 1976.

Ralph Ruebner and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

Patrick E. Ward, State's Attorney, of Dixon (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was convicted by a jury of aggravated battery and was sentenced to a term of 2 to 6 years. On direct appeal this court on December 18, 1974, affirmed his conviction. (*People v. Bailey,* 24 Ill. App. 3d 245.) He then filed a post-conviction petition (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*).

This appeal is from the denial of that petition by the trial court, after a hearing. Defendant contends that he received ineffective assistance of counsel on his direct appeal and at his post-conviction hearing because of failure to present "a meritorious issue effecting the defendant's right to be tried before an impartial jury."

At his trial defendant was represented by the public defender, Mr. William Sturgeon. During the examination of the third panel of prospective jurors at trial one of them, Mrs. Balayti, told the court she knew the defendant because "he did bodily harm to my oldest son at one time." The eight jurors who had already been accepted were out of the courtroom at that time and did not hear her statement. The trial court immediately excused her for cause and replaced her with another prospective juror. Two more of the panel members were excused peremptorily by the State and also replaced by other prospective jurors. By lunch time ten jurors had been accepted: the eight (who had been sent to the jury room before Mrs. Balayti was interrogated), Mr. Zink (who

was in the jury box with Mrs. Balayti when she made the statement), and Mr. St. Clair (who was one of those called to replace the excused juror in the third panel and was not present when Mrs. Balayti made her statement about the defendant).

After lunch the defendant moved for a mistrial on the ground that the jury could be tainted because Mr. Zink, who had been present during Mrs. Balayti's statement, had lunched with the other nine accepted jurors. The trial judge, although believing that his admonition to the jurors not to discuss the case was sufficient, offered to excuse Mr. Zink. Defense counsel stood on his contention that the whole panel may be tainted and refused the judge's offer. Defendant's motion was denied. Returning to open court the judge excused Mr. Zink and the jury selection process was resumed. At the conclusion of the trial the jury returned a guilty verdict. The defendant moved for a new trial and alleged as one of the grounds therefor the trial court's denial of his motion for a mistrial. The trial court denied that motion.

On his direct appeal, defendant, represented by privately retained counsel, Mr. William Twohey, raised two issues: (1) whether the trial court erred in denying his pretrial motion for a continuance and (2) whether the prosecutor's statement in his closing argument deprived defendant of his right to a fair trial. This court rejected defendant's arguments and affirmed.

Thereafter, defendant filed his post-conviction petition, having retained Mr. Twohey's law partner, Mr. Robert Steele, as his attorney. Defendant's petition alleged ineffective assistance of counsel at trial due to counsel's failure (1) to move for discovery prior to trial, (2) to exercise due diligence in moving for a continuance and for county funds to depose a witness, John Underhile, who was stationed with the United States Army in Germany, and (3) to accept the trial court's offer to excuse from the jury two persons who were related to Lee County law enforcement officials. At the hearing on defendant's petition, the testimony of defendant's trial counsel (Mr. Sturgeon) and of the defendant was received relevant to these contentions. At the conclusion of the hearing the trial court denied the defendant's petition.

The defendant contends on this appeal that his appellate counsel's failure to raise on direct appeal, and the failure of that counsel's partner to raise at the post-conviction hearing, the "meritorious" issue of the trial court's failure, *sua sponte*, to determine whether Mr. Zink had discussed Mrs. Balayti's statement with the other jurors during lunch, denied him effective assistance of counsel. That contention compels us to determine whether that issue is "meritorious." The only support in the record for trial counsel's motion for a mistrial is the fact that Mr. Zink had lunch with the other accepted jurors, and that those jurors, therefore, "were free to

converse with ample time for tainting of the entire jury by the statement of Mrs. Balayti." There is no indication in the record, either from counsel's statement or otherwise, that Mr. Zink had reported to the other jurors either the substance of Mrs. Balayti's statement or any inkling of it.

■■ Before it can be said that jurors have been prejudiced or influenced by prejudicial reports which could disturb their impartiality, facts and circumstances must appear from which it is reasonable to infer that one or more of them had heard or received them. (*People v. Gambino* (1957), 12 Ill. 2d 29, 36-37.) In *Gambino*, where Chicago daily and Sunday newspapers published several articles referring to the defendant's association with a notorious criminal and the fact that the defendant had previously escaped from jail with him, but made no reference to the charge for which defendant was being tried, or that his trial was in progress, the Supreme Court said (pages 36-37):

> "The record before us is devoid of any facts or circumstances from which it is reasonable to infer that any of the jurors read the newspaper accounts in question, except for the bare assertion of defense counsel in the motion for mistrial. Such statement is insufficient to raise the inference that the jurors have seen or read the questioned article or articles. [Citations.] While the motion alleged that the jurors had access to and read the articles, yet such assertion is not made in the supporting affidavit. Upon this record neither the trial court, nor this court, would be justified in concluding that a juror or jurors read any of the articles. Without such showing there is no reasonable basis for the inference that they were influenced or prejudiced thereby."

In *People ex rel. Walker v. Pate* (1973), 53 Ill. 2d 485, 505, the Supreme Court said:

> "It is clear from our decisions that, as we put it in *People v. Canaday*, 49 Ill. 2d 416, 426, 'Before a jury verdict will be set aside because of an unauthorized communication with the jury, it is necessary for a defendant to show prejudice. (*People v. Williams*, 38 Ill. 2d 115, 126; *People v. Georgev*, 38 Ill. 2d 165, 177.)' There is no claim or proof of specific prejudice."

Defendant relies principally on *People v. Cox* (1966), 74 Ill. App. 2d 342, 346. That case involved a denial of a motion to inquire of a jury as to whether they had read a prejudicial newspaper article. It was in "such a situation" that the reviewing court there held it to be "the duty of the trial court to determine" whether the article "was read and whether its reading would or could affect the verdict." In the instant case there was no comparable request to question the jury. See *People v. Richards* (1970), 120 Ill. App. 2d 313, 346-47; *People v. Kelly* (1975), 24 Ill. App. 3d 1018, 1033-34.

■■ The record here discloses nothing which would indicate that the jury had been exposed to improper information. We therefore hold that the trial court did not have a duty *sua sponte* to inquire of the jury as to whether there was any report or communication to them concerning Mrs. Balayti's statement. It follows that it was not a "meritorious issue," and that counsel's failure to raise it either on direct appeal or at the defendant's post-conviction hearing did not deny him the effective assistance of counsel.

The judgment of the circuit court of Lee County is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.