THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICKY HOLLINGSWORTH, Defendant-Appellant.

Fifth District    No. 80-55

Opinion filed March 4, 1981.

John H. Reid and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, and Steven L. Merker, law student, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Martin N. Ashley and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WELCH delivered the opinion of the court:

The defendant, Ricky Hollingsworth, was charged by indictment with burglary and theft over $150 for the events of the evening of July 23, 1979, and the early morning of July 24, 1979. He stood trial before a jury

on November 6, 1979, in Belleville, Illinois, with the Honorable John J. Hoban presiding. Judge Hoban granted the defendant's motion for a directed verdict of not guilty on the theft charge at the end of the State's evidence, and the jury found Hollingsworth guilty of burglary. The judge sentenced Hollingsworth to probation for a period of 30 months with the condition that he spend the weekends in the county jail.

The defendant appeals from his conviction.

The record shows that sometime between the hour of 5 p.m., July 23, 1979, and 7:30 a.m., July 24, 1979, the wholesale liquor warehouse of East Side Importing, Inc., was broken into and a quantity of beer was stolen, as was a 1968 station wagon parked at the warehouse. The beer included some Falstaff and numerous cases of Colt .45 malt liquor, both 8 oz. and 12 oz. cans, and Pink Champale in 7 oz., 12 oz., and quart bottles.

At 9:15 a.m. on July 24, 1979, East St. Louis Detective, John Thurman, went to the home of Renee Beison in response to a report by her of a battery by her boyfriend, Ricky Hollingsworth. He found Hollingsworth and Vernell Ellis asleep in the house and several cases of beer in a room on the north side of the home. Thurman arrested Hollingsworth and Ellis for the burglary of the warehouse.

At the trial Stephen Rose testified that Ricky Hollingsworth had come over to Rose's home at 1735 State Street with his cousin, W. D. Hollingsworth, late at night on July 23, 1979. Rose said that he and Ricky left together, walking down State Street, talking about going to a party. They went down past "the place where they keep the beer." Rose testified that he was outside the warehouse and W. D. Hollingsworth and several others were inside the warehouse. He said in response to questions:

"Q. Okay. Okay, go ahead, tell us what you saw.

A. So during that time I was standing outside, and W. D. Hollingsworth was on the inside.

Q. Inside of what?

A. The place. Ricky was too, and so after that, they got totaled [sic] out the place. They got totaled [sic] out the place, and Ricky was standing outside the place watching W. D. Hollingsworth, and Jerome and Derrick was on the inside. They was handing it out, was taking it over to the railroad tracks."

And further:

"Q. Okay. Now, you did indicate that you saw Ricky Hollingsworth carrying some of the beer from the—

A. Yeah, to the railroad tracks. They handed it out the door to us. We took it over to the railroad tracks."

Rose testified that he and Ricky then walked away from the warehouse, Rose to go home and Ricky to go to Renee's home.

Vernell Ellis testified that he saw Ricky the night of July 23, 1979, at

Renee Beison's house. Ellis said that Ricky, W. D. Hollingsworth, Derrick, and Ronnie Hollingsworth were at Renee's when Ellis arrived with another friend. They asked him to help take some beer out of an old station wagon that was parked by the side of the house and load it in the house, which he did. He said there was a lot of beer, Colt .45 and Pink Champale, and that Ricky helped carry it in the house.

At the end of the State's case, Judge Hoban granted the defendant's motion for a directed verdict of not guilty of the theft of the station wagon, but denied the motion as to the burglary charge. During the instruction conference the defendant did not submit an accomplice instruction and objected to the State's submission of the instruction regarding the inference arising from exclusive unexplained possession of recently stolen property. Judge Hogan gave the instruction over the defendant's objection. The jury found Ricky Hollingsworth guilty of burglary.

■■ The defendant argues that the evidence adduced at trial was not sufficient to prove him guilty beyond a reasonable doubt. We disagree. The uncorroborated testimony of an accomplice has been held to be sufficient evidence to sustain a conviction of a felony. (*People v. Hansen* (1963), 28 Ill. 2d 322, 332, 192 N.E.2d 359, 365, *cert. denied* (1964), 376 U.S. 910, 11 L. Ed. 2d 608, 84 S. Ct. 665.) However, in this case there was corroboration. Rose said that he saw Ricky in the warehouse and that he saw Ricky receive beer from inside and carry it over by the railroad tracks. Ellis said that Ricky and the others asked him to help unload the station wagon and take the beer inside Ricky's girl friend's house. Detective Thurman said he found cases of beer, Pink Champale in quarts and 7 oz. bottles and Colt .45 in 8 oz. and pint cans, in the same house with Ricky and Ellis. The jury is entitled to weigh the testimony of the witnesses and to determine whether they are worthy of belief. (*People v. Heard* (1980), 80 Ill. App. 3d 701, 707, 400 N.E.2d 65, 69.) We will not substitute our judgment for that of the jury unless the verdict was against the manifest weight of the evidence. We cannot say that it was in this case.

The defendant argues that he was deprived of a fair trial because the jury instruction regarding accomplice testimony (Illinois Pattern Jury Instructions, Criminal, No. 3.17 (1968) (hereinafter cited as IPI Criminal) was not given. He claims that he was denied effective assistance of counsel because his appointed counsel did not impeach the accomplices adequately or tender the instruction. Defense counsel did cross-examine Ellis and elicit that, although he was arrested for the burglary and held a couple of days, he was never charged with the crime. In closing argument defense counsel questioned the "innocence" of Rose and suggested that Rose was more involved than he represented. The question of whether to

ask for the accomplice instruction is one of judgment. There are problems with that IPI instruction, as noted by Justice Schaefer in his dissent:

"I think that IPI Criminal No. 3.17 does not accurately state the law. But even if it does accurately state the law in a technical sense, it is quite unfair as a statement to a lay jury. It uses the term 'accomplice witness' and by doing so it tends to tell the jurors that the defendant participated in the crime, if it does not actually tell them that he did so." *People v. Parks* (1976), 65 Ill. 2d 132, 139, 357 N.E.2d 487, 490.

■■■ We cannot say that defense counsel's decision to forego the instruction was incompetent. Errors in judgment or trial strategy do not establish ineffective assistance of counsel. *People v. Knowles* (1979), 76 Ill. App. 3d 1004, 1010, 395 N.E.2d 706, 711.

■■ The defendant argues that it was the duty of the trial judge, *sua sponte*, to instruct the jury as to accomplice testimony absent defense counsel's offer of the instruction.

"Generally, a party who desires a specific instruction must offer it and request the court to give it and the trial court has no obligation to instruct on its own motion [citation.] In criminal cases, however, this rule is modified in certain situations by the requirements of a fair trial. It has been held that a court bears the burden of seeing that the jury is instructed on the elements of the crime charged, on the presumption of innocence and on the question of burden of proof [citations.] * * *
· [T]he instruction in question does not fall within the area of required instructions discussed in these cases * * *." *People v. Parks* (1976), 65 Ill. 2d 132, 137, 357 N.E.2d 487, 489.

The trial court did not substitute its judgment for that of a defense counsel and we do not find that to be error.

We do find that the trial court erred in instructing the jury regarding the inference to be drawn from the exclusive, unexplained possession of recently stolen property (IPI Criminal No. 13.21). Under the facts of this case it is not at all clear that the defendant had possession of the beer, much less exclusive possession. The beer was found in a room on the other side of the house from where the defendant was asleep. The house did not belong to the defendant but to his girl friend's mother. Vernell Ellis, a State's witness who was also arrested for the burglary, was found asleep in a room on the same side of the house as the beer.

■■■ Although it was error to give this instruction over the defendant's objection, the jury had sufficient evidence before it to return a guilty verdict without the inference instructed upon. "In order for a conviction to be overturned, the record must show that substantial prejudice resulted

to defendant such that the outcome would have been different." (*People v. Rogers* (1971), 132 Ill. App. 2d 501, 504, 270 N.E.2d 186, 188, *cert. denied* (1971)). We cannot say the result would have been different without the instruction and hold the error to be harmless. Accordingly, we affirm.

Affirmed.

JONES and HARRISON, JJ., concur.