THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES A. TIDWELL, Defendant-Appellant.

Second District    No. 79-351

Opinion filed September 24, 1980.

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant appeals his conviction for armed robbery for which he was sentenced to eight years imprisonment. In this appeal the defendant contends (1) that he was denied a fair trial when the State was allowed to bolster the credibility of its primary witness through use of the witness' prior consistent, out-of-court statement and (2) that he was denied due process when the State deliberately failed to correct its witness' false testimony.

On November 19, 1978, Michelle Bozonelos and Lisa Jacobs were robbed at gun point by a black man while their car was parked in the Bozonelos' driveway in Rockford. The victims were unable to positively identify the defendant as their assailant in a line-up some two weeks after

the robbery. They did state that the jacket recovered from the defendant was similar to that worn by the robber. Ms. Bozonelos positively identified the State's exhibit No. 3 as the gun used in the robbery; however, the other victim thought it was similar but could not say it was identical.

The State's main witness, Robert Box, was admittedly involved in the robbery. He testified that on the night of the robbery he and the defendant followed the two girls by automobile to the driveway where the robbery occurred. The defendant, according to Box, then left the car and returned a few minutes later with two purses under his arm. According to Box, when the defendant returned with the two purses, he said he had accidentally shot himself during the robbery and his left arm was bleeding. In subsequent testimony the jacket allegedly worn by the defendant at the time of the robbery was shown to the jury. It had a bullet hole through the left arm. Box identified the State's exhibit No. 3, the gun, as the gun belonging to his girlfriend, Sandra Mackey, and admitted that he had taken the gun from her apartment on the morning of the robbery.

On cross-examination Box acknowledged that he had not been charged with the armed robbery but stated that no one had promised that he would not be held accountable for the crime if he testified against the defendant.

A firearms specialist testified that a live cartridge found on the Bozonelos' driveway had been chambered in the Mackey pistol but a spent bullet which was found was not positively identified as having been fired from that gun.

The State was permitted to read a statement made by Robert Box to the police about a week after the robbery, which paralleled the in-court testimony given by Box. This statement was allowed to be read over the objection of the defendant. The defense did not present any evidence. During closing arguments, both the prosecutor and defense counsel stated that Robert Box would not be charged with armed robbery in consideration of his testimony against the defendant. This, however, was directly contrary to what Box had testified on the stand in testimony elicited by the prosecutor when Box said that he had not been made any promises in return for his testimony.

■■■ We concur with the defendant's contention as to the general rule that it is error to allow a witness' testimony to be corroborated or bolstered by introducing a prior out-of-court statement of similar import, thus implying that the witness' court testimony is true because he told the same story on a previous occasion when he had no ulterior motive to do so. There are, of course, two possible exceptions to the rule excluding such testimony—if it is charged that the in-court testimony is a recent fabrication, the previous consistent statement may be admissible to refute

that contention, or if it is contended that the witness has a positive motive for testifying falsely, a prior consistent statement may be introduced to show that the witness told the same story when no such motive existed or could have been foreseen. In the latter case, of course, it must be shown that the presently imputed motive did not exist at the time of the prior statement. See *Waller v. People* (1904), 209 Ill. 284; *People v. Powell* (1973), 53 Ill. 2d 465.

■■ In the instant case, no inference was raised that Box's in-court testimony was a recent fabrication or that he had a motive for testifying falsely. When questioned regarding promises of leniency, Box testified that he had not received any deal in exchange for his testimony. This apparent perjury was not corrected by the prosecutor until closing argument. Thus, at the time the statement was admitted into evidence, no inference of recent fabrication or of a motive to testify falsely had been raised. Consequently, the exception to the general rule was not applicable.

The State's suggestion that admission of this statement constituted only harmless error in light of Box's testimony at trial is not well taken. The State overlooks the fact that " 'corroboration' by repetition" is precisely one of the prejudicial effects of these out-of-court statements which were intended to be eliminated through application of the general principle enunciated in *Waller v. People. People v. Sanders* (1978), 59 Ill. App. 3d 650, 564.

Defendant's second contention is that he was denied due process of law when the State failed to correct Robert Box's statement that he had not been granted any promise of leniency in return for his testimony. Box had been questioned, on cross-examination, regarding any promises which he might have received in exchange for his testimony. At that point he specifically denied that any such promises had been made. However, during the State's closing argument the prosecutor stated that Box would not be charged with armed robbery in exchange for his testimony. Thus, it would appear that Box may have committed perjury when he denied that any promise of leniency had been made.

■■ It is well established that where the prosecution knowingly allows false testimony to stand uncorrected, even if it goes only to the credibility of the witness and not to the guilt of the defendant, due process has been violated. (*Napue v. Illinois* (1959), 360 U.S. 264, 3 L. Ed. 2d 1217, 79 S. Ct. 1173; *People v. Rose* (1969), 43 Ill. 2d 273; *People v. Faulkner* (1972), 7 Ill. App. 3d 221.) Although it would appear that the defendant was aware that a deal had been made, his failure to object at trial would not constitute a waiver of error. *People v. Lueck* (1962), 24 Ill. 2d 554; *People v. Bolton* (1973), 10 Ill. App. 3d 902.

■■ In this case, fundamental fairness required that Box's false testimony that he received no deal from the State be corrected. It was highly unfair

to permit Box to swear without contradiction that he received no benefit from testifying when, in fact, in return for his testimony he was immunized from prosecution for armed robbery.

The prosecutor's argument admitting the existence of a deal between Box and the State did not cure the error in allowing Box's testimony to stand uncorrected at trial. The jury was instructed that they could base their decision in the case only on the evidence presented, and was further instructed that closing arguments are not evidence in the case. Since the State's case was largely dependent upon the credibility of Box as a witness, and since the defendant's conviction was obtained through the use of Box's testimony, the defendant's due process rights were violated when the prosecutor failed to correct Box's testimony. *Giglio v. United States* (1972), 405 U.S. 150, 31 L. Ed. 2d 104, 92 S. Ct. 763; *People v. Bolton* (1973), 10 Ill. App. 3d 902.

The State raises the issue that defendant's failure to file a post-trial motion operates as a waiver of all issues. The errors complained of, under the circumstances here present, however, rises in our view to be "plain error" which we would feel constrained to review under Supreme Court Rule 615(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 615(a)). See, in this regard, *People v. Woodward* (1979), 77 Ill. App. 3d 352.

This court has stated that the court's authority to review errors under the plain error doctrine is dependent on four factors: " '(1) the closeness of the case, (2) the conduct of the trial judge, (3) the extent to which the error may have contributed to the verdict, and (4) the magnitude of the errors alleged. [Citation.]' (*People v. Olivas* (1976), 41 Ill. App. 3d 146, 153, 354 N.E.2d 424, 430.)" (*People v. Allen* (1978), 60 Ill. App. 3d 445, 451.) Here, a substantial portion of the State's case rested upon the incriminating testimony of Robert Box. Unquestionably, the erroneous admission of the prior out-of-court statement substantially contributed to the credulity of Box's in-court testimony. Consequently, there is a reasonable possibility that this error contributed to the conviction. Therefore, the error here cannot be considered harmless. See *People v. Robinson* (1977), 46 Ill. App. 3d 713.

The judgment of the circuit court of Winnebago County is reversed and the cause remanded for a new trial.

Reversed and remanded.

SEIDENFELD, P. J., and VAN DEUSEN, J., concur.