THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GERALD KING, Defendant-Appellant.

Second District   No. 2—85—0672

Opinion filed January 28, 1988.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Morrow and Robert F. Casey, State's Attorneys, of Geneva (William L. Browers, Robert J. Biderman, and Patrick T. Curran, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

This is an appeal from a jury trial for a conviction of armed robbery pursuant to section 18—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 18—2). Defendant, Gerald King, was sentenced to serve 20 years' imprisonment.

Prior to the commencement of trial, defendant filed a motion *in limine* to prevent the State from introducing evidence pertaining to unlawful use of a weapon and armed robbery offenses occurring at a Clark gas station several hours after the offense charged in this case. The trial court held that the unlawful use offense could not be admitted, but that the State could introduce the armed robbery offense.

The State's main witness in the case, Forrest Harrison, was a codefendant in the case. Harrison agreed to testify against defendant and plead guilty to one count of armed robbery in exchange for a sentence of six years.

At trial, Harrison testified as to the events surrounding and including the robbery of the Valley View Liquor Store (liquor store) and also testified as to a later robbery of a Clark gas station in Elgin committed by defendant, himself, and one other person. Furthermore, Harrison testified that he had given a detailed statement to Detective Mark Brictson before he was placed under arrest and before a plea bargain had been offered.

Elmerio Dotdot, owner of the liquor store, also testified concerning the robbery of the liquor store. Dotdot identified defendant as one of two men who had committed the robbery.

Further testimony from another witness was also admitted concerning the robbery at the Clark station.

Detective Brictson testified that on March 12, 1985, he interviewed Forrest Harrison. At that time, Harrison was not under arrest and was not charged but was told that he was suspected in both the Valley View Liquor Store and Clark station robberies. Harrison told Brictson that defendant asked Harrison to participate in an armed robbery at the liquor store. They drove to the liquor store, and both men entered. Harrison indicated that he had held the shotgun during the armed robbery.

Following the State's case, defense counsel made an oral motion *in limine* concerning defendant's expected testimony. Counsel requested that the court restrict the State from cross-examining on any activity subsequent to the liquor store robbery and indicated that defendant would take the fifth amendment if asked questions about subsequent events. The trial court ruled that if defendant denied any knowledge of the Valley View armed robbery, he would be open to cross-examination on the Clark station robbery because that offense was relevant to the issue of knowledge. Defense counsel stated that defendant would not testify because of that ruling.

At the close of trial, the jury returned a verdict of guilty, and defendant was sentenced to 20 years' imprisonment. Defendant timely appealed.

■■ ■ Defendant initially contends that the trial court committed reversible error when it allowed into evidence a prior consistent statement of Harrison. In response, the State contends that this issue was waived by defendant when defendant's trial counsel admitted at trial that the law did allow for admittance. The State further contends that even if defendant did not waive this issue, the statement was properly admitted.

At trial, the State asked Officer Brictson to relate to the jury what Harrison had said to him concerning the robbery of the liquor

store. At this time, counsel for the defense objected as to relevance, materiality, and redundancy. After this objection, the following conversation was had:

"THE COURT: Well, I think you're right. I want to give him a chance. Basically, the fact that a witness has made a similar statement at another time is not admissible to where you have shown he has made contrary statements. But in this case where your position is that his story is fabricated because of leniency, it would seem to me that this would be admissible to show that he told this same story before he was given leniency.

MR. JOHNSON: Judge, I don't deny that law. I understand it but that was gone into yesterday. There's no reason to go into it again today.

THE COURT: Overruled then on your objection. I just wanted to make sure I was correct at what the law was."

It does not appear that defendant has waived his objection on this issue based on the above conversation. Rather, it seems that defendant has always been of the position that a prior consistent statement is inadmissible unless it is to rebut a charge of recent fabrication. It has also been defendant's position that while that is the law, the prior consistent statement in this case was inadmissible because it was not made prior to the time that a reason to fabricate existed. Consequently, we find that defendant did not waive the issue of whether the prior consistent statement was properly admitted.

Defendant properly recognizes that while a prior consistent statement is generally inadmissible to bolster the testimony of a witness, a prior consistent statement is admissible to rebut a charge of recent fabrication when the statement was made prior to the time the motive to fabricate arose. (*People v. Powell* (1973), 53 Ill. 2d 465, 474-75; *People v. Tidwell* (1980), 88 Ill. App. 3d 808, 810-11; *People v. Rosario* (1979), 74 Ill. App. 3d 607, 612.) Defendant argues that at the time Harrison made the statement he had a motive to fabricate and implicate defendant in order to obtain lenient treatment and that the plea agreement which was eventually reached was merely the fulfillment of Harrison's motivation to testify falsely. In support of his position, defendant cites *Lee v. Illinois* (1986), 476 U.S. 530, 90 L. Ed. 2d 514, 106 S. Ct. 2056, *People v. Titone* (1986), 115 Ill. 2d 413, 426 (Simon, J., dissenting), and *People v. Green* (1984), 125 Ill. App. 3d 734.

In *People v. Green* (1984), 125 Ill. App. 3d 734, 745, the court found that it was improper to admit prior consistent statements by codefendants. In *Green*, the defendant was charged with armed robbery and murder. In that case the statements of the codefendants

identified the defendant as the only one having a gun and the individual who actually shot and killed the victim. (125 Ill. App. 3d at 739.) The court stated, "At that time [when the investigation had centered on the witnesses] it must have been apparent to them that they were prime suspects and faced with criminal liability for armed robbery and murder. The motive to place the onus on defendant must have been present." (125 Ill. App. 3d at 745.) Thus, *Green* stands for the proposition that the statement of a codefendant is inherently unreliable if given at the time that the authorities have identified the codefendant as a suspect in the crime, so long as the statement places the onus of the crime on the defendant and away from the individual making the statement. (See also *People v. Titone* (1986), 115 Ill. 2d 413, 428 (Simon, J., dissenting).) We, however, decline to follow the reasoning in *Green*. The rule stated by our supreme court in *People v. Powell* (1973), 53 Ill. 2d 465, 474, is that a prior statement is inadmissible with the exception that where there is a charge of recent fabrication, " 'proof that [the witness] gave a similar account of the transaction *when the motive [to testify falsely] did not exist or before the effect of the account could be foreseen* is admissible.' " (Emphasis added.) (53 Ill. 2d at 475, quoting *Waller v. People* (1904), 209 Ill. 284, 287.) We are of the opinion that, while not specifically stated, the court in admitting the statement found that a motive to testify falsely had not arisen prior to Harrison making his first statement to the police. We also find that this case is distinguishable from *Lee v. Illinois* (1986), 476 U.S. 530, 544, 90 L. Ed. 2d 514, 528, 106 S. Ct. 2056, 2064. In *Lee* the trial court had expressly relied on the statement of the codefendant as substantive evidence. In contrast, the challenged statement in the present case was used to rebut a challenge of recent fabrication; it was not used as substantive evidence. Likewise the issue is different from the one addressed in *Lee*. In *Lee* the Court addressed the question of whether a statement by a codefendant was in violation of a defendant's rights under the sixth amendment confrontation clause. In contrast the present case deals with the application of an evidentiary rule—whether a prior consistent statement is admissible. Thus, we find *Lee* inapplicable to the present case. In accordance with the preceding analysis, we conclude that the trial court did not err in admitting Harrison's prior consistent statement.

Defendant next contends that the trial court committed reversible error when, after admitting evidence of another crime (the Clark station robbery) on the issues of knowledge and lack of mistake, it instructed the jury that the evidence of other crimes could be considered on the issues of identification and design. We disagree.

■ As a general rule, evidence of other crimes is inadmissible if relevant merely to establish a defendant's propensity to commit a crime. (*People v. McKibbins* (1983), 96 Ill. 2d 176, 182.) However, evidence of the commission of other crimes is admissible when such evidence is relevant to prove *modus operandi*, intent, identity, motive, or absence of mistake. (96 Ill. 2d at 182.) Furthermore, it has been indicated that evidence of other crimes is admissible if it is relevant for any purpose other than to show the propensity to commit a crime. 96 Ill. 2d at 182.

■ In the present case, it was defendant's theory that he did not knowingly partake in an armed robbery. Defense counsel conceded that defendant was present at the scene of the robbery. Evidence of the Clark station robbery could therefore be admitted to show that defendant was not at the liquor store as an innocent bystander because the pattern of the robberies was similar. (See 96 Ill. 2d at 185 (to prove absence of an innocent frame of mind "mere general areas of similarity will suffice"); see also *People v. Allen* (1971), 1 Ill. App. 3d 197, 201 (evidence of another crime admitted to establish purpose of presence where the defendant admitted being present but denied involvement in the robbery charged).) In both cases, robberies were committed where two men entered the place of business and stood in front of the register and one man held the shotgun. Consequently, the question is whether the instruction given to the jury was error. The following instruction was given:

> "Evidence has been received that the defendant has been involved in an offense other than that charged in the indictment. This evidence has been received solely on the issue of defendant's identification and design. This evidence may be considered by you only for the limited purpose for which it was received."

Because the above instruction states that evidence of the Clark station robbery was admitted to show identification and design, as opposed to intent, the trial court did err in giving the instruction. However, we do not find such error to require reversal. Even though the instruction was error, it did provide the beneficial purpose of limiting consideration of the evidence so that the jury would not consider the Clark station robbery as evidence of defendant's propensity to commit a crime. We also note that the instruction was not commented upon in final argument, and the parties did refer to the other crime on the issue of knowledge. Finally, and more significantly, there was strong evidence of defendant's participation and guilt. Harrison identified defendant as his partner in the robbery and Dotdot, the owner of the

liquor store, identified defendant as one of two men who had committed the robbery and as the individual who stated "this is a stick-up" and removed money from the cash register. The jury could not have reasonably found the defendant not guilty; therefore the error does not call for reversal. *People v. Allen* (1971), 1 Ill. App. 3d 197, 202.

■ Defendant next contends that the trial court erred when it failed to instruct the jury that the testimony of Harrison should be accepted only if it carried the absolute conviction of truth.

The trial court instructed the jury in accordance with Illinois Pattern Jury Instructions, Criminal, No. 3.17 (2d ed. 1981), which provides:

"When a witness says he was involved in the commission of a crime with the defendant, the testimony of that witness is subject to suspicion and should be considered by you with caution. It should be carefully examined in light of the other evidence in the case."

Illinois Pattern Jury Instructions, Criminal, No. 1.02 (2d ed. 1981) was also given. The trial court refused to give defendant's instruction which stated:

"When an accomplice witness has hopes of a reward from the prosecution, his testimony should not be accepted unless it carries with it the absolute conviction of its truth."

In *People v. Mostafa* (1971), 5 Ill. App. 3d 158, the court held that it was error not to give an instruction that the jury had " '[a] right to take into consideration whether [the accomplice witnesses] have been promised consideration in relation to their punishment for their testimony' " (5 Ill. App. 3d at 166) even though the trial court had given IPI Criminal No. 3.17. 5 Ill. App. 3d at 168.

We, however, decline to follow *Mostafa*. We believe that the IPI instruction adequately informs the jury as to its duty regarding the testimony of an accomplice witness. In so doing, we note that the precedential value of *Mostafa* has been questioned or distinguished in several subsequent appellate court decisions. (See *People v. Jackson* (1986), 145 Ill. App. 3d 626, 644; *People v. Columbo* (1983), 118 Ill. App. 3d 882, 978; *People v. Parks* (1975), 34 Ill. App. 3d 180, 184, *rev'd on other grounds* (1976), 65 Ill. 2d 132.) We, therefore, hold that the trial court did not err in refusing defendant's instruction.

Defendant next contends that the trial court committed reversible error when it answered a jury request in the absence of defendant and his attorney. During deliberations, the trial court received a request from the jury for the "[p]olice report that was used as evidence." In fact, no police reports were in evidence, and the trial court

refused this request without either defendant or his attorney being present. Defendant contends that had counsel been present, he could have argued that the police report be admitted into evidence and submitted to the jury or that he could have asked that the transcript of the impeaching testimony be read to the jury. Defendant argues that he was prejudiced because the police reports contained prior inconsistent statements made by two of the State's witnesses, Elmerio Dotdot and Jerry Turner. In response, the State argues that defendant waived this issue by not including it in his post-trial motion and, in the alternative, that the communication to the jury was not prejudicial.

■ Issues not raised in a post-trial motion are waived. (*People v. Huckstead* (1982), 91 Ill. 2d 536, 543.) However, plain errors or defects which affect substantial rights may be noticed though not objected to in a post-trial motion. (107 Ill. 2d R. 615(a); *People v. Lucas* (1981), 88 Ill. 2d 245, 250.) The doctrine of plain error may be invoked where the evidence is closely balanced or where the error was of such a magnitude that the accused was denied a fair trial. (88 Ill. 2d at 251.) In the present case, the statements in the police report requested by the jury contained prior inconsistent statements by Elmerio Dotdot. According to the report, Dotdot stated that Harrison was the only one who committed the robbery and that defendant had already left the store when the robbery occurred.

■ Consequently, if counsel's presence could have led to the trial court allowing the jury to review the police report, the trial court's communication with the jury in the absence of defendant or his counsel substantially prejudiced defendant because the report requested by the jury could have had the effect of casting doubt on the testimony of Dotdot and thereby could also have created a reasonable doubt as to defendant's guilt. Thus, the answer to whether or not there was plain error rests on whether the trial court erred in communicating as it did with the jury.

In *People v. Tansil* (1985), 137 Ill. App. 3d 498, this court stated the law as it relates to communications between the trial court and the jury outside the presence of defendant and his counsel.

> "It is well established that a defendant has the right to be present at all stages of the trial which involve his or her substantial rights. [Citations.] It has also been held that a judgment based upon a private communication, not made in open court, between a judge and jury during its deliberations violates the defendant's substantial rights. [Citations.] The proper procedure in such situations is for the trial judge to discuss the ju-

ry's request with the defendant's counsel and the prosecutor before responding to the jury. [Citations.] Where a defendant and counsel are absent from such a communication, the defendant must demonstrate that he or she suffered prejudice as a result in order for the error to require reversal. [Citations.] Prejudice has been demonstrated where the judge's communication with the jury has had an effect on the deliberative process. [Citations.]" 137 Ill. App. 3d at 501.

The answer to whether the trial counsel's presence could have had any effect on the communication of the trial court appears in *People v. Williams* (1975), 60 Ill. 2d 1. In *Williams*, our supreme court addressed the question of whether the trial court erred in not exercising its discretion when it denied a request by the jury to see a police report that had not been admitted into evidence. The *Williams* court held that such a refusal was not error because the jury made a request "for information which the trial judge had no discretion to provide." (60 Ill. 2d at 13.) The court also rejected the argument that the questions of the jury should be interpreted to review testimony relating to the subject matter of the question. 60 Ill. 2d at 13.

In accordance with *Williams*, the trial court gave the only appropriate response to the jury's request. Consequently, the trial court did not commit reversible error by making its communication in the absence of defendant and his counsel. (See *People v. Rhoden* (1981), 101 Ill. App. 3d 223, 226 (defendant was not prejudiced where trial court made the only appropriate response to jury's request).) We, therefore, hold that although the trial court should have advised defendant and his counsel prior to communicating with the jury, its failure to do so is not plain error.

■ Finally, defendant contends that the disparity between the 20-year sentence that he received and the six-year sentence that his co-defendant, Harrison, received requires that his sentence be reduced. We disagree.

As a general principle of fundamental fairness, defendants who are similarly situated should not receive grossly disparate sentences. (*People v. Bares* (1981), 97 Ill. App. 3d 728, 738.) Disparity in sentencing may, however, be proper where the defendant receiving the greater sentence has a more serious criminal record. (*People v. Cook* (1983), 112 Ill. App. 3d 621, 623.) And, where the defendant receiving the lighter sentence has received that sentence pursuant to a plea agreement, that sentence is no basis for comparison. *People v. White* (1984), 122 Ill. App. 3d 24, 39; *People v. Portis* (1986), 147 Ill. App. 3d 917, 926.

In the present case, defendant has a more serious criminal record than does Harrison. While Harrison testified that he had previously been convicted of unlawful delivery of a controlled substance and unlawful use of a weapon, defendant's presentence report indicated that defendant had previously been convicted twice for petty theft and one time each for soliciting, burglary, theft, and murder. Moreover, Harrison's sentence, with which defendant would have us compare his sentence, was entered pursuant to a plea agreement in which Harrison agreed to testify. Thus, it cannot be used as a basis for comparison. (*White*, 122 Ill. App. 3d at 39.) Consequently, we hold that the trial court did not err in imposing the sentence that it gave defendant.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

LINDBERG, P.J., and REINHARD, J., concur.